SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  973/639-9100
973/679-8656 (fax)
cseeger@seegerweiss.com
cayers@seegerweiss.com

Liaison Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> INTEGRA LIFESCIENCES HOLDINGS CORPORATION, et al., <br><br> Defendants. | No. 3:23-cv-20321-MAS-TJB <br><br> <u>CLASS ACTION</u> <br><br> THE UNION PENSION FUNDS' RESPONSE IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS <br><br> MOTION DAY:  December 18, 2023 |

- 1 -

4877-3105-9349.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................1

II.    ARGUMENT.........................................................................................3

    A.    The Pension Fund Group Has Shown It Will Cede (And Already Has Ceded) Its Supervisory Authority to the Group of Law Firms it Proposes to Oversee this Case, Undercutting its Claim of *Prima Facie* Adequacy .......................................................3

    B.    The Union Pension Funds Have the Next Largest Financial Interest and Otherwise Satisfy Rule 23's Requirements.....................10

III.    CONCLUSION....................................................................................11

- i -

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Atkinson v. Morgan Asset Mgmt., Inc.*,
    2008 WL 11319683 (W.D. Tenn. Sept. 23, 2008) ............................................2, 8

*Bhangal v. Hawaiian Elec. Indus., Inc.*,
    No. 3:23-cv-04332-JSC
    (N.D. Cal. Nov. 15, 2023)......................................................................................5

*Faille v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp.*,
    No. 2:21-cv-03382-HB
    (E.D. Pa. Sept. 27, 2021) .......................................................................................9

*Felix v. Symantec Corp.*,
    2018 WL 4029053 (N.D. Cal. Aug. 23, 2018) ......................................................4

*Gen. Ret. Sys. of the City of Detroit., Inc. v. Verizon Commc'ns Inc.*,
    No. 3:23-cv-05218-RK-RLS
    (D.N.J. Oct. 2, 2023)..............................................................................................9

*Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*,
    529 F. Supp. 3d 385 (E.D. Pa. 2021).....................................................................9

*In re Allergan PLC Sec. Litig.*,
    2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020) ......................................................4

*In re Baan Co. Sec. Litig.*,
    186 F.R.D. 214 (D.D.C. 1999) ..............................................................................5

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) .....................................................................2, 3, 4, 10

*In re Milestone Sci. Sec. Litig.*,
    187 F.R.D. 165 (D.N.J. 1999)................................................................................4

*In re Telxon Corp. Sec. Litig.*,
    67 F. Supp. 2d 803 (N.D. Ohio 1999) ..........................................................2, 7, 8

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
    No. 3:15-cv-07658-MAS-LHG (D.N.J.) ...........................................................1, 8

**Page**

*Jastram v. NextEra Energy, Inc.*,
   No. 9:23-cv-80833-AMC
   (S.D. Fla. July 25, 2023)..................................................................................9

*McDermid v. Inovio Pharm., Inc.*,
   467 F. Supp. 3d 270 (E.D. Pa. 2020)...............................................................2

*Plymouth Cnty. Ret. Sys. v. GTT Commc'ns, Inc.*,
   No. 1:19-cv-00982-CMH-MSN
   (E.D. Va. Sept. 30, 2019)..................................................................................9

*Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*,
   2021 WL 533518 (S.D. Cal. Feb. 12, 2021).......................................................9

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
   §78u-4(a)(3)(B)(iii).........................................................................................1
   §78u-4(a)(3)(B)(iii)(I).....................................................................................3

Federal Rules of Civil Procedure
   Rule 23 ...............................................................................................*passim*

## I.      INTRODUCTION

Three motions were filed by class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  The PSLRA provides that courts should appoint as lead plaintiff the movant which: (1) has the largest financial interest in the relief sought by the class; and (2) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Only the Union Pension Funds satisfy **both** requirements.

The Union Pension Funds suffered a substantial loss of more than $487,000 on their Class Period purchases of Integra LifeSciences Holdings Corporation common stock and have readily evidenced both their typicality and adequacy. Importantly, they propose the one lead counsel and one liaison counsel structure (Robbins Geller Rudman & Dowd LLP and Seeger Weiss LLP) identical to that which achieved the historic $1.21 billion recovery in this Court in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.).

---

[1]     The movants are:   (1) Ohio Carpenters Pension Fund and Elevator Constructors Union Local No. 1 Annuity & 401(k) Fund (collectively, the "Union Pension Funds"); (2) International Union of Operating Engineers Pension Fund of Eastern Pennsylvania & Delaware ("IUOE Pension Fund"); and (3) San Antonio Fire and Police Pension Fund, Pembroke Pines Firefighters & Police Officers Pension Fund, City of Birmingham Retirement and Relief System, and Operating Engineers Construction Industry and Miscellaneous Pension Fund (collectively, the "Pension Fund Group").  *See* ECF 18, 20, 22.

In stark contrast, while the Pension Fund Group – which invites the Court to install at least four law firms to helm this litigation – claims to have suffered a larger loss, it "is not entitled to lead plaintiff status in this case" because "the counsel structure it proposes would inhibit the fair and adequate representation of the plaintiff class as a whole." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 817 (N.D. Ohio 1999) (disqualifying lead plaintiff movant "with three firms (separately retained by separate plaintiffs) to act as lead counsel"); *McDermid v. Inovio Pharm., Inc.*, 467 F. Supp. 3d 270, 278-79 (E.D. Pa. 2020) (finding movant group inadequate, *inter alia*, given "that so many law firms [four] midwifed the Inovio Group gives the impression that lawyers created the Group or at least partly assembled its members"); *Atkinson v. Morgan Asset Mgmt., Inc.*, 2008 WL 11319683, at *12-*13 (W.D. Tenn. Sept. 23, 2008) (disqualifying lead plaintiff movant proposing "four law firms assist in the litigation: one firm to serve as lead counsel, two as members of an Executive Committee, and one as liaison counsel" because "[t]his arrangement is likely to result in lawyer-led litigation in contravention of the purpose of the PSLRA"); *see generally In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) (choices regarding representation made by the movant claiming the largest loss may be "so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class, thus disqualifying it from serving as lead plaintiff at all"). The

- 2 -

Pension Fund Group's proposed counsel structure renders it unable to satisfy Rule 23, dooming its candidacy.

The only other competing movant – IOUE Pension Fund – also cannot be appointed lead plaintiff because it claims a smaller financial interest than the Union Pension Funds and cannot trigger the presumption, or prove that the Union Pension Funds should not be appointed.

## II.    ARGUMENT

### A.    The Pension Fund Group Has Shown It Will Cede (And Already Has Ceded) Its Supervisory Authority to the Group of Law Firms it Proposes to Oversee this Case, Undercutting its Claim of *Prima Facie* Adequacy

The PSLRA "provides that 'the court shall adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that': (1) filed the complaint or made a motion to serve as the lead plaintiff; (2) 'in the determination of the court, has the largest financial interest in the relief sought by the class;' and (3) 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *Cendant*, 264 F.3d at 263 (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)). "In conducting the initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements, the court may and should consider the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted." *Id.* at 264. Though the Pension

- 3 -

Fund Group claims the largest loss, based on its initial submissions, it has failed to establish that it satisfies Rule 23's adequacy requirements for several reasons.

As the Third Circuit has made clear, a lead plaintiff movant's ability to make an initial adequacy showing is dependent on the movant's ability to select and direct counsel, as that is one of the lead plaintiff's most important tasks. *Id.* at 265; *see also Felix v. Symantec Corp.*, 2018 WL 4029053, at \*4 (N.D. Cal. Aug. 23, 2018) ( "[n]o decision by the lead plaintiff is more important than the selection of class counsel. Consequently, the lead plaintiff should precede its choice with due diligence"). Assessing how the proposed counsel structure was adopted and how that counsel structure will operate enables the Court to determine whether the balance of power between a proposed group of lead plaintiffs and their counsel has tipped in favor of counsel. Here, it certainly has. The Pension Fund Group purports to be represented by four law firms, three of which the Group asks the Court to approve to direct the case as lead counsel. *See* ECF 20-2 at 19-25. Implicitly recognizing that no functioning team ever has three quarterbacks on the field concurrently directing the offense, the Pension Fund Group's opening brief spends no less than five pages exalting the qualifications and accomplishments of each of the three proposed co-lead counsel firms. *Id.* But as one former member of this Court noted, "[t]he potential for duplicative services and the concomitant increase in attorneys' fees works against the approval of multiple lead counsel." *In re*

- 4 -

*Milestone Sci. Sec. Litig.*, 187 F.R.D. 165, 176-77 (D.N.J. 1999); *see also In re Allergan PLC Sec. Litig.*, 2020 WL 5796763, at *6 (S.D.N.Y. Sept. 29, 2020) ("It is this court's experience (and I have quite a bit of it) that the involvement of multiple firms tends to inflate legal fees to the detriment of the other class members."); *Bhangal v. Hawaiian Elec. Indus., Inc.*, No. 3:23-cv-04332-JSC, ECF 48 at 3 (N.D. Cal. Nov. 15, 2023) (denying proposed stipulation between three lead plaintiff movants to appoint them as lead plaintiff and their three separate law firms as co-lead counsel because the movants "do not specify why serving as joint lead plaintiff will benefit the plaintiff class in this case – they only allege they 'believe it is in the best interests of the Class' for them to 'jointly serve as Lead Plaintiff'") (citation omitted).   The SEC agrees, recognizing that "[t]he greater the number of lead counsel, the more difficult it is likely to be for the lead plaintiff to manage the litigation and supervise the lawyers." *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 230 (D.D.C. 1999) (SEC amicus brief).   District courts should reject any "group" that does not demonstrate to the Court's satisfaction that it is constituted to lead the class action effectively in light of the fact that "appointment of multiple class counsel can fail to serve the interests of the class for various reasons." *Id.*

This common-sense approach makes it all the more curious why the Pension Fund Group provided no reasons ***why*** four separate law firms (which each claim to

be well accomplished in their own right) are necessary to litigate this case.[2]  And it is not simply that the proposed four lead plaintiff and four law firm structure is *ipso facto* inefficient and unwieldy.  The Pension Fund Group's submissions confirm that each proposed plaintiff is represented by a lead law firm and those law firms then structured the unwieldy 8-member lead plaintiff/counsel arrangement they now ask the Court to endorse.  *See, e.g.*, ECF 20-4 at 10 of 15 (group member's sworn Certification solely "authoriz[ing] Saxena White P.A. to file a motion for" it and not the group).  Before working together to create the Pension Fund Group for the purpose of moving for lead plaintiff, Bernstein Litowitz worked independently of Kessler Topaz and Saxena White filing the initial complaint in this action on behalf of Pembroke Pines.  *See* ECF 1 at 24 (complaint in this action disclosing only Bernstein Litowitz and liaison counsel as counsel for Pembroke Pines).  Likewise, prior to moving as proposed co-lead counsel, Saxena White advertised that it was conducting its own independent investigation into Integra.  *See* https://web.archive.org/web/20231031113231/https://www.saxenawhite.com/new-

---

[2]    Tellingly, the vacuous joint declaration offered in support of the lead plaintiff application provides no substantive explanation as to why multiple sets of overlapping lead counsel firms are warranted in this case.  *See, e.g.*, ECF 20-6 at ¶18 ("Our decision to select Bernstein Litowitz, Saxena White, and Kessler Topaz as our proposed Lead Counsel was also informed by our analysis of the claims against Integra and evidence developed by Bernstein Litowitz, Saxena White, and Kessler Topaz, through their investigation into Defendants' alleged wrongdoing.").

cases/ (October 31, 2023 webpage archive showing a listing for Integra on Saxena White's "New Cases" page, informing investors they have 13 "Days Left to Seek Lead Plaintiff"). Thus, by all accounts, the facts indicate that the law firms came together at the last instance for the purpose of aggregating their separately garnered class members into a "group" to produce an artificially aggregation. The Court should decline the request to appoint the 8-member amalgam.

The ubiquitously-cited *Telxon* opinion in which Judge Kathleen O'Malley declined to appoint a lead plaintiff movant based upon its proposed counsel structure is instructive. 67 F. Supp. 2d at 817. "Rather than select one counsel or firm to speak for the class, or even two firms acting as lead and local (liaison) counsel for the same client or clients," the movant group in *Telxon* selected a "three-tiered" counsel structure with three proposed lead counsel firms. *Id*. Judge O'Malley disqualified the movant group, finding that it could not satisfy Rule 23's adequacy requirement because "***the very counsel structure proposed by the [movant group] would seem to damn its ability to satisfy that critical requirement***:"

> While the Alsin Group has never fully explained how it envisions this structure will work in practice, it is clear that the model envisioned by the PSLRA – ***one strong plaintiff with one counsel who will speak on its behalf*** – is not what the Alsin Group proposes.
>
> The Court does not question the talent or experience of the law firms involved in the Alsin Group's governance structure. The structure itself, however, raises serious questions about these firms' ability to represent "adequately" the interests of a broad class of plaintiffs. At a minimum, from among the counsel structures before the

- 7 -

> Court, the Alsin Group's proposal does not appear to be the most conducive to a unified, coherent presentation of the plaintiffs's claims. Regardless of the stage at which one assesses "adequacy," the very counsel structure proposed by the Alsin Group would seem to damn its ability to satisfy that critical requirement.

*Id.* (emphasis added) (citation omitted).  In *Morgan Asset Mgmt.*, the court echoed the *Telxon* court's sentiments when it similarly disqualified a lead plaintiff candidate based upon its proposed lead counsel structure.  2008 WL 11319683, at *12-13. There, the lead plaintiff movant in question "suggests four law firms assist in the litigation: one firm to serve as lead counsel, two as members of an Executive Committee, and one as liaison counsel." *Id.*  Citing both *Telxon* and Judge Lechner's opinion in *Milestone Scientific*, the court rejected the movant, finding that its "[proposed counsel] arrangement is likely to result in lawyer-led litigation in contravention of the purpose of the PSLRA." *Id.*

To be sure, this case will have its challenges (as every action does), but there is nothing particularly novel or extraordinarily challenging to warrant three separate lead counsel firms. *Compare* ECF 1 (complaint in this case bringing only 1934 Act claims against one corporate defendant and several individual defendants) *with* *Valeant Pharm.*, No. 3:15-cv-07658-MAS-LHG (one lead counsel and one liaison counsel structure litigating 1933 Act and 1934 Act claims against one principal corporate defendant, more than a dozen investment banks, and more than a dozen individual defendants, resulting in a $1.21 billion class recovery overseen by this

- 8 -

Court).  The obvious inefficiencies created by multiple layers of law firms are not warranted here.

Finally, while only four law firms were disclosed on the Pension Fund Group's opening submissions, it appears there is at least one other undisclosed law firm that would also be part of this unwieldy 8-member group if the Court appoints the Pension Fund Group.  In all four of the recent cases in which Pembroke Pines has moved for appointment as lead plaintiff, it was also represented by a separate additional law firm.[3]  The omission of a *fifth* law firm, even if merely an oversight, is likewise disqualifying.  *See Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *4 (S.D. Cal. Feb. 12, 2021) ("Even more, in Li's opposition brief, she revealed for the first time that in addition to representation by [firm A], she is also currently represented by [firm B], a fact which was apparently inadvertently omitted from her motion due to a clerical error.  Whether the error was indeed inadvertent, this omission and lack of attention to detail calls into question the ability of Li to adequately serve as Lead Plaintiff in a class action.").  Indeed,

---

[3]      *See Gen. Ret. Sys. of the City of Detroit., Inc. v. Verizon Commc'ns Inc.*, No. 3:23-cv-05218-RK-RLS, ECF 13-2 at 17-18 (D.N.J. Oct. 2, 2023); *Jastram v. NextEra Energy, Inc.*, No. 9:23-cv-80833-AMC, ECF 25-2 at 9 (S.D. Fla. July 25, 2023); *Faille v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp.*, No. 2:21-cv-03382-HB, ECF 6-1 at 14 (E.D. Pa. Sept. 27, 2021); *Plymouth Cnty. Ret. Sys. v. GTT Commc'ns, Inc.*, No. 1:19-cv-00982-CMH-MSN, ECF 14 at 15 (E.D. Va. Sept. 30, 2019).

"[i]t is incumbent upon the parties seeking approval of their chosen counsel to provide the Court with the information necessary to evaluate whether counsel will properly serve the interests of the class." *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*, 529 F. Supp. 3d 385, 403-04 (E.D. Pa. 2021) (refusing to appoint lead plaintiff movant with the largest financial interest where they failed to disclose the involvement of additional law firms).

In sum, the Pension Fund Group's counsel has constructed a leadership structure that has four separate class members purportedly directing four (if not more) different law firms, confirming that it is the attorneys who are running the show here. Thus, "the PSLRA's goal of having an engaged lead plaintiff actively supervise the conduct of the litigation and the actions of class counsel will be impossible to achieve, and the court should conclude that [the Pension Fund Group] does not satisfy the adequacy requirement." *Cendant*, 264 F.3d at 267. The Pension Fund Group's motion should be denied.

### B.    The Union Pension Funds Have the Next Largest Financial Interest and Otherwise Satisfy Rule 23's Requirements

When the movant with the largest loss is ineligible for the presumption, the "court should then identify the movant with the next largest loss, consider whether that movant satisfies Rule 23's requirements, and repeat this process until a presumptive lead plaintiff is identified." *Cendant*, 264 F.3d at 267. The Union Pension Funds suffered the next largest loss:

- 10 -

| Movant | Claimed Loss |
|---|---|
| ~~Pension Fund Group~~ | ~~$1.27 million~~ |
| Union Pension Funds | $487,227 |
| IUOE Pension Fund | $397,775 |

The Union Pension Funds' lead plaintiff candidacy is not clouded by the same issues weighing on the Pension Fund Group.  In fact, the Union Pension Funds seek to be represented by a single lead counsel (and a single liaison counsel) and have otherwise evidenced their typicality and adequacy.  *See* ECF 22-1 at 5-8.  As such, they are entitled to appointment as lead plaintiff.  The Union Pension Funds' motion should be granted.

## III.   CONCLUSION

Because the Pension Fund Group is inadequate and the Union Pension Funds (the movant claiming the next largest financial interest) are otherwise typical and adequate, the Union Pension Funds should be appointed Lead Plaintiff.   The competing motions should be denied.

DATED:  December 4, 2023

Respectfully submitted,
SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS


/s/ *Christopher A. Seeger*
CHRISTOPHER A. SEEGER

- 11 -

55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  973/639-9100
973/679-8656 (fax)
cseeger@seegerweiss.com
cayers@seegerweiss.com

Liaison Counsel


ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed
Lead Plaintiff

- 12 -