**CARELLA, BYRNE, CECCHI, BRODY
  & AGNELLO, P.C.**
James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068
Tel.: (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com

*Proposed Liaison Counsel for the Class*

[*Additional counsel on signature page*]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRA LIFESCIENCES HOLDINGS CORPORATION, CARRIE ANDERSON, PETER ARDUINI, GLENN COLEMAN, JAN DE WITTE, ROBERT T. DAVIS, JR., STEVE LEONARD, and JEFFREY MOSEBROOK,<br><br>Defendants. | Case No. 3:23-cv-20321-MAS-TJB<br><br>Hon. Michael A. Shipp<br><br><u>CLASS ACTION</u><br><br>**Motion Day: December 18, 2023** |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION
OF THE PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF THEIR SELECTION OF COUNSEL, AND
<u>IN OPPOSITION TO COMPETING MOTIONS</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..............................................................................................1

ARGUMENT ....................................................................................................4

    I.    The Pension Funds Should Be Appointed Lead Plaintiff .....................4

        A.    The Pension Funds Have the Largest Financial Interest
               in the Relief Sought by the Class ...............................................5

        B.    The Pension Funds Satisfy the Requirements of Rule 23 ..........8

    II.    The Pension Funds' Selection of Counsel Should Be
        Approved ......................................................................................11

    III.    The Competing Motions Should Be Denied .......................................12

CONCLUSION ................................................................................................13

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aguilar v. Vitamin Shoppe, Inc.*,
    2018 WL 1960444 (D.N.J. Apr. 25, 2018)..........................................................6

*Arbitrage Fund v. Toronto-Dominion Bank*,
    2023 WL 5550198 (D.N.J. Aug. 29, 2023) .......................................................10

*In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income
    Sec. Act (ERISA) Litig.*,
    258 F.R.D. 260 (S.D.N.Y. 2009) .....................................................................12

*Biondolillo v. Roche Holding AG*,
    2017 WL 4220332 (D.N.J. Sept. 21, 2017)........................................................5

*Bo Young Cha v. Kinross Gold Corp.*,
    2012 WL 2025850 (S.D.N.Y. May 31, 2012) .....................................................2

*Cavanaugh v. U.S. Dist. Ct. for N. Dist. of Cal.*,
    306 F.3d 726 (9th Cir. 2002) ..................................................................4, 5, 13

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) .....................................................................*passim*

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) ...........................................................................12

*Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*,
    529 F. Supp. 3d 385 (E.D. Pa. 2021)...............................................................6, 7

*Mersho v. U.S. Dist. Ct. for D. of Ariz.*,
    6 F.4th 891 (9th Cir. 2021) ...........................................................................5, 10

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
    63 F. Supp. 3d 394 (D. Del. 2014).................................................................12, 13

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
    2022 WL 3571995 (N.D. Cal. July 26, 2022) .....................................................6

ii

**Statutes**

15 U.S.C. § 78u-4(a) ......................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4)..................................................................................8

H.R. Conf. Rep. No. 104-369 (1995),
    *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) ....................................................9, 10

The Pension Funds—the presumptive Lead Plaintiff—respectfully submit this Memorandum of Law in further support of their motion for appointment as Lead Plaintiff and approval of their selection of counsel (ECF No. 20, the "Motion"), and in opposition to the competing motions.[1]

**INTRODUCTION**

On November 13, 2023, the Pension Funds filed a timely motion under the PSLRA seeking: (1) appointment as Lead Plaintiff in the above-captioned securities class action; (2) approval of the Pension Funds' selection of Bernstein Litowitz, Saxena White, and Kessler Topaz as Lead Counsel for the Class and Carella Byrne as Liaison Counsel for the Class; and (3) such other and further relief as the Court may deem just and proper.  In addition to the Pension Funds' Motion, motions seeking appointment as Lead Plaintiff were also filed by:

(1) the International Union of Operating Engineers Pension Fund of Eastern Pennsylvania & Delaware ("IUOE") (ECF No. 18); and

(2) Ohio Carpenters Pension Fund and Elevator Constructors Union Local No. 1 Annuity & 401(k) Fund (the "Union Pension Funds") (ECF No. 22).

---

[1]     Unless otherwise noted, all capitalized terms are defined in the Pension Funds' opening brief (*see* ECF No. 20-2), all emphasis is added, and all internal citations and quotation marks are omitted.

1

A straightforward application of the PSLRA presumes that the "most adequate plaintiff"—the movant entitled to appointment as lead plaintiff—is the "person or group of persons" that has the "largest financial interest in the relief sought by the class" that also makes a *prima facie* showing of typicality and adequacy.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, the Pension Funds are the presumptive Lead Plaintiff under the analysis required by the PSLRA and Third Circuit law.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001).

***First***, as detailed below, the Pension Funds indisputably have the largest financial interest in this litigation.  With losses of over ***$1.2 million*** on a LIFO basis,[2] the Pension Funds suffered larger losses than the two other movants ***combined***:

| **MOVANT** | **LIFO LOSSES**[3] |
|:---:|:---:|
| **The Pension Funds** | **$1,274,674** |
| The Union Pension Funds | $487,228 |
| IUOE | $397,775 |

---

[2]   LIFO is the preferred and most widely accepted methodology for calculating movants' losses.  *See Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) (observing that "the overwhelming trend . . . nationwide has been to use LIFO").

[3]   Competing movants' losses are taken from their respective filings.  *See* ECF No. 19 at 8; ECF No. 22- 5.

In fact, one of the Pension Funds, Birmingham, suffered larger losses ($499,060) than either of the two competing movants. The Pension Funds also purchased the most shares on a net and total basis and expended the most net funds of any movant. *See infra* Section I.A. (discussing secondary financial interest metrics).

*Second*, in addition to asserting the dominant financial interest, the Pension Funds readily satisfy the PSLRA's typicality and adequacy requirements and are perfectly situated to represent all Class members. As set forth below, the Pension Funds are sophisticated institutional investors with approximately $7 billion in combined assets under management and experience prosecuting claims under the federal securities laws. Moreover, as detailed in their Motion and Joint Declaration, the Pension Funds are committed to working together as a cohesive group, retained experienced counsel, and have already taken steps to benefit the Class through Pembroke's filing of the initial complaint in this litigation. *See, e.g.*, ECF No. 20-6; *Cendant*, 264 F.3d at 265 ("[O]ne of the best ways for a court to ensure that [the lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel . . . .").

Once triggered, the presumption that the Pension Funds are the most adequate plaintiff "may be rebutted *only upon proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately

3

protect the interests of the class." *Id.* at 263.  Given that no "proof" has been—or can be—offered to rebut the Pension Funds' presumptive status, the Pension Funds should be appointed Lead Plaintiff and the competing motions should be denied.

## ARGUMENT

### I.  The Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In determining which movant or movant group is the most adequate plaintiff, the PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and . . . otherwise satisfies the requirements of Rule 23."  *Id*. § 78u-4(a)(3)(B)(iii)(I); *see also Cendant,* 264 F.3d at 222 ("The PSLRA . . . instruct[s] [courts] to adopt a presumption that the most adequate plaintiff is the movant [or movant group] that has the largest financial interest in the relief sought by the class[.]").  The process is sequential, and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "***proof***" that the movant will not fairly and adequately represent the class or is subject to unique defenses.  *Cavanaugh v. U.S. Dist. Ct. for N. Dist. of Cal.*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) (explaining that

4

the "[PSLRA] sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff" and requires "proof" to rebut the presumption); *see also Cendant*, 264 F.3d at 262 (describing "two-step process" for evaluating lead plaintiff movants); *Biondolillo v. Roche Holding AG*, 2017 WL 4220332, at *1 (D.N.J. Sept. 21, 2017) (same).  Because the Pension Funds are the presumptively most adequate plaintiff to represent the Class, and no "proof" exists that could rebut that presumption, the Pension Funds are entitled to appointment as Lead Plaintiff.  *See Mersho v. U.S. Dist. Ct. for D. of Ariz.*, 6 F.4th 891, 902 (9th Cir. 2021) (explaining that the PSLRA requires courts to "articulate how the ***evidence***" presented by competing movants "***proves***" the presumptive lead plaintiff's inadequacy).

> **A.   The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class**

Based on the movants' respective submissions to the Court, it is indisputable that the Pension Funds have the largest financial interest in this litigation.  First, the Pension Funds sustained the largest losses in connection with their transactions in Integra common stock during the Class Period under the preferred LIFO methodology:



Indeed, the Pension Funds' losses are ***more than triple*** the losses claimed by IUOE and ***more than 2.6 times*** the losses claimed by the Union Pension Funds. Moreover, the Pension Funds suffered larger losses than IUOE and the Union Pension Funds ***combined***, and Birmingham alone suffered larger losses ($499,060) than either IUOE or the Union Pension Funds. *See, e.g.*, *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, at *4 (N.D. Cal. July 26, 2022) (appointing group of institutional investors where one member "has the largest financial interest standing alone"); *Aguilar v. Vitamin Shoppe, Inc.*, 2018 WL 1960444, at *11 (D.N.J. Apr. 25, 2018) (appointing group that included "shareholder with the largest financial loss").

In addition to possessing the largest losses, the most important measure of financial interest, the Pension Funds also have the largest financial interest under the three other metrics commonly used by courts to determine financial interest under

6

the PSLRA. *See Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*, 529 F. Supp. 3d 385, 396 (E.D. Pa. 2021) (applying four financial interest factors as set forth in *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997): "the number of shares that the movant purchased during the putative class period"; "the total net funds expended by the plaintiffs during the class period"; "the number of net shares purchased by the movant during the Class Period"; and, most importantly, "the approximate losses suffered by the plaintiffs").

| Movant | Total Shares Purchased | Net Expenditures | Net Shares Purchased |
|---|---|---|---|
| **The Pension Funds** | **114,634** | **$4,578,611** | **79,188** |
| The Union Pension Funds | 26,755 | $1,040,700 | 13,602 |
| IUOE | 22,105 | $828,158 | 10,693 |

The Pension Funds' superior financial interest is underscored by the fact that the Pension Funds consist of the movant with the largest individual financial interest under each of the four commonly used metrics—with Birmingham suffering larger losses ($499,060) and San Antonio purchasing more total shares (59,697) and net shares (41,637), and expending more net funds ($2,191,065) than either of the competing movants. Thus, the Pension Funds possess the "largest financial interest" and should be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see*

7

*also Cendant*, 264 F.3d at 270 (affirming district court's appointment of movant with largest losses).

### B.      The Pension Funds Satisfy the Requirements of Rule 23

As noted by the Third Circuit, at the lead plaintiff appointment stage, the Rule 23 inquiry "should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *Cendant*, 264 F.3d at 263.

As demonstrated in their Motion, the Pension Funds have made a *prima facie* showing of typicality because their claims are typical of the claims of other members of the Class. *See* ECF No. 20-2 at 12-13. Like other members of the proposed Class, the Pension Funds: (1) purchased Integra common stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby.

The Pension Funds have also made a *prima facie* showing of adequacy because they are capable of "fairly and adequately protect[ing] the interests of the class." ECF No. 20-2 at 13-15; Fed. R. Civ. P. 23(a)(4). The Pension Funds' interests are clearly aligned with those of other Class members, and there is no evidence that the Pension Funds' interests are antagonistic to the interests of other Class members in any way. With losses far exceeding those of the other movants **combined**, the Pension Funds have a sufficient interest in this case to ensure its vigorous prosecution, and have demonstrated their commitment to prosecuting this

action efficiently and in the best interests of the Class. *See Cendant*, 264 F.3d at 265 (holding that representation is adequate when the lead plaintiff "has the ability and incentive to represent the claims of the class vigorously," has "obtained adequate counsel," and its interests are "sufficiently aligned with those of" absent class members).

The Pension Funds have affirmed their commitment to fulfilling their fiduciary duties to the Class if appointed as Lead Plaintiff. *See* ECF No. 20-2 at 15-19. Indeed, the Pension Funds' Joint Declaration establishes their willingness, resources, and commitment to closely cooperate with each other to supervise Lead Counsel and believe that their partnership is well suited for this litigation and will ensure the best possible recovery for the Class. *See* ECF No. 20-6 ¶¶ 12-14. In preparing to lead this litigation, the Pension Funds, among other things, participated in a conference call to discuss the claims against Defendants, their strategy for jointly prosecuting this litigation, and their oversight of counsel to ensure that the Class's claims are prosecuted vigorously yet efficiently. *See id*. ¶¶ 12-14, 16. In fact, the Pension Funds have already taken steps to benefit the Class through Pembroke's filing of the initial complaint in this litigation, and the Pension Funds have instructed counsel to continue their investigation of the Class's claims. *See id*. ¶¶ 9, 20.

Moreover, the Pension Funds are the paradigmatic Lead Plaintiff that Congress sought to encourage to lead securities class actions—sophisticated

institutional investors with billions of dollars in assets under management and significant prior experience acting as fiduciaries and in selecting, hiring, and overseeing the activities of outside counsel in complex litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *Cendant*, 264 F.3d at 273 (finding that "the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff"); ECF No. 20-6 ¶¶ 2-7 (detailing the Pension Funds' sophistication and prior experience).

Cooperation among institutional investors is expressly permitted by the PSLRA and is typical in complex securities class actions like this one. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (iii)(I); *Cendant*, 264 F.3d at 266 ("The statute contains no requirement mandating that the members of a proper group be 'related' in some manner; it requires only that any such group 'fairly and adequately protect the interests of the class.'"); *Mersho*, 6 F.4th at 903 n.4 ("[It] is clear from the statutory language" that "group[s] can serve as a lead plaintiff."); *Arbitrage Fund v. Toronto-Dominion Bank*, 2023 WL 5550198, at *5 (D.N.J. Aug. 29, 2023) (appointing as lead plaintiff four institutional investors who "have both the ability and incentive to represent the purported class vigorously").

The Pension Funds have also demonstrated their adequacy by selecting Bernstein Litowitz, Saxena White, and Kessler Topaz as Lead Counsel for the Class and Carella Byrne as Liaison Counsel for the Class. *See Cendant*, 264 F.3d at 265 ("[O]ne of the best ways for a court to ensure that [the lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel . . . ."). As set forth in the Motion, Bernstein Litowitz, Saxena White, and Kessler Topaz are all highly qualified and experienced in securities class action litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors—individually and collectively as co-lead counsel—including in this District. *See* ECF No. 20-2 at 19-25. Moreover, Carella Byrne maintains an office in this District, has substantial experience litigating class actions, and is well qualified to represent the Class as Liaison Counsel. *See* ECF No. 20-2 at 24-25.

Accordingly, because the Pension Funds have the largest financial interest in the relief sought by the class and otherwise satisfy the relevant requirements of Rule 23, the Court should appoint the Pension Funds as Lead Plaintiff.

## II.    The Pension Funds' Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of

11

counsel unless necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cendant*, 264 F.3d at 276 (There is "a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention."); *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."). Accordingly, the Pension Funds' selection of Bernstein Litowitz, Saxena White, and Kessler Topaz—firms with significant experience jointly prosecuting complex class actions—as Lead Counsel should be approved. *See In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 258 F.R.D. 260, 271 (S.D.N.Y. 2009) (appointing three firms as lead counsel, including Bernstein Litowitz and Kessler Topaz, and noting "[a]ll three firms are highly experienced in prosecuting securities class actions").

## III.    The Competing Motions Should Be Denied

As demonstrated above, each opposing movant's claimed financial interest in the outcome of this litigation is significantly lower than the Pension Funds' financial interest. Additionally, no "proof" exists to rebut the Pension Funds' presumptive status as the most adequate plaintiff under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cendant,* 264 F.3d at 264 (same); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394,

12

403 (D. Del. 2014) ("Mere speculation . . . does not meet this standard.").  This, without more, is sufficient to deny the competing movants' motions under the PSLRA's "straightforward" lead plaintiff selection process.  *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status[.]").

## CONCLUSION

For the reasons stated above and in their opening brief, the Pension Funds respectfully request that the Court: (1) appoint the Pension Funds as Lead Plaintiff; (2) approve their selection of Bernstein Litowitz, Saxena White, and Kessler Topaz as Lead Counsel for the Class and Carella Byrne as Liaison Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

Dated:  December 4, 2023

Respectfully submitted,

s/ *James E. Cecchi*
James E. Cecchi
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Telephone:  (973) 994-1700
Facsimile:  (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for Proposed Lead Plaintiff the Pension Funds and Proposed Liaison Counsel for the Class*

13

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

**SAXENA WHITE P.A.**
Maya Saxena
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382
msaxena@saxenawhite.com
lhooker@saxenawhite.com

**KESSLER TOPAZ MELTZER
  & CHECK, LLP**
Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
rdegnan@ktmc.com

*Counsel for Proposed Lead Plaintiff the
Pension Funds and Proposed Lead Counsel
for the Class*

14

## CERTIFICATE OF SERVICE

I, James E. Cecchi, hereby certify that on December 4, 2023, I caused a true and correct copy of the foregoing memorandum of law to be filed electronically with the Clerk of the Court using the ECF system.  Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: December 4, 2023

*s/ James E. Cecchi*
James E. Cecchi
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Telephone:  (973) 994-1700
Facsimile:  (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for Proposed Lead Plaintiff the Pension Funds and Proposed Liaison Counsel for the Class*

15