Jeffrey A. Almeida
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Tel.: (302) 622-7000
Fax: (302) 622-7100
Email: jalmeida@gelaw.com

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> INTEGRA LIFESCIENCES HOLDINGS CORPORATION, CARRIE ANDERSON, PETER ARDUINI, GLENN COLEMAN, JAN DE WITTE, ROBERT T. DAVIS, JR., STEVE LEONARD, and JEFFREY MOSEBROOK, <br><br> Defendants. | Civil Action No. 3:23-cv-20321 <br><br> The Honorable Michael A. Shipp <br><br> <u>CLASS ACTION</u> <br><br> Motion Day: December 18, 2023 |

**INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA & DELAWARE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF LEAD COUNSEL</u>**

In *In re Cendant Corp. Litigation*, the Third Circuit stated that if "a court were to determine that the movant 'group' with the largest losses had been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel, it could well conclude, based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner."  264 F.3d 201, 267 (3d Cir. 2001).  In such a situation, "the court determines that the movant with the largest losses cannot make a threshold showing of . . . adequacy[.]"  *Id.*

Here, the two other Lead Plaintiff movants – the Pension Funds Group and the Union Group – are exactly the type of movant "group" of which the *Cendant* court forewarned.[1]  Both consist of investors with no preexisting relationship and who are linked only by their counsel.  Neither movant's opposition to IUOE's motion for Lead Plaintiff provides any support for their meeting Rule 23's requirement of adequacy.  *See* ECF Nos. 28 ("Union Opp."), 29 ("Pension Funds Opp.").  Thus, neither the Pension Funds Group nor the Union Group are entitled to the presumption that they are the "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Rather, IUOE is the "most adequate plaintiff" and its motion to be appointed Lead Plaintiff and for its counsel to be appointed Lead Counsel should be

---

[1] Unless otherwise provided, all capitalized terms are defined as provided in IUOE's Memorandum of Law Opposing Competing Motions for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.  *See* ECF No. 27 ("IUOE Opp.").

1

granted.

The Pension Funds Group is a construct created by its four separate law firms. *See* IUOE Opp., at 7-15; *see also* Union Opp., at 3-10.  Indeed, their motion to appoint *three law firms* as Lead Counsel, with a fourth firm as liaison counsel, alone demonstrates that the group's members have ceded supervision of the Action to their attorneys.  IUOE Opp., at 13-15.  To support its lawyer-driven leadership, the Pension Funds Group cites to *In re Bank of America Corp. Securities, Derivative and Employment Retirement Income Security Act (ERISA) Litigation*.  258 F.R.D. 260, 271 (S.D.N.Y. 2009)).  But unlike here, *Bank of America* was a complex case involving the consolidation of *twelve* separate securities actions.  *Id.* at 265 n.1.  Additionally, the firms appointed as co-Lead Counsel in *Bank of America* provided assurances "that they have implemented measures to limit legal fees and costs, including dividing labor among counsel for the sake of efficiency, requiring approval for significant expenses, and negotiating a competitive fee agreement with plaintiffs." *Id.* at 271.  No such assurances have been made here, and the Pension Funds Group has not provided any reason why this Action requires more than one plaintiff as Lead Plaintiff and more than one law firm as Lead Counsel.

Similarly, the Union Group also has not made a threshold showing of adequacy.  Not only do its members not have a preexisting relationship, but they also failed to provide a declaration attesting to their ability to operate effectively as a

single unit, either with their opening submission or in their opposition.  IUOE Opp., at 15-16.  It is now too late for the Union Group to remedy this deficiency.  A supplemental declaration will not "allay . . . concerns about appointing a loose, attorney-driven group of investors as lead plaintiff." *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018).

In contrast to both the Pension Funds Group and the Union Group, IUOE satisfies the adequacy and typicality prongs of Rule 23. IUOE Mot., at 9-13.  It also has significant losses resulting from Defendants' alleged fraud.  Nothing in the Pension Funds Group's or the Union Group's opposition papers undermine IUOE's adequacy and typicality, or calls into question its ability to lead this case.  Each group points only to their claimed losses compared to IUOE's losses, Pension Funds Opp., at 12-13, Union Opp., at 10-11, but their loss amounts are inapposite because both groups failed to make a preliminary showing of adequacy, as required by the PSLRA.  Accordingly, the Court should grant IUOE's motion to be appointed Lead Plaintiff, and appoint its choice of counsel as Lead Counsel for the Class.

Dated: Wilmington, Delaware
December 11, 2023

Respectfully submitted,

/s/ *Jeffrey A. Almeida*
Jeffrey A. Almeida
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Tel.: (302) 622-7000
Fax: (302) 622-7100
Email: jalmeida@gelaw.com

3

Daniel L. Berger (*pro hac vice forthcoming*)
Caitlin M. Moyna (*pro hac vice forthcoming*)
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com

*Counsel for the International Union of Operating Engineers Pension Fund of Eastern Pennsylvania & Delaware, and Proposed Lead Counsel for the Class*

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2023, I caused the foregoing to be filed electronically with the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Notice of those filings was sent to all parties of record by operation of the Notice of Electronic Filing System, and the parties to this action may access the filings through CM/ECF.

/s/ Jeffrey A. Almeida
Jeffrey A. Almeida

5