SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  973/639-9100
973/679-8656 (fax)
cseeger@seegerweiss.com
cayers@seegerweiss.com

Liaison Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>       vs.<br><br>INTEGRA LIFESCIENCES HOLDINGS CORPORATION, et al.,<br><br>              Defendants. | No. 3:23-cv-20321-MAS-TJB<br><br>CLASS ACTION<br><br>REPLY IN FURTHER SUPPORT OF THE UNION PENSION FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF<br><br>MOTION DAY:   December 18, 2023 |

4873-9818-0758.v3

After two rounds of briefing, it is evident that only one movant satisfies the PSLRA's requirements for appointment as lead plaintiff – the Union Pension Funds.[1]  Even at this early stage of the case, the record confirms that the Union Pension Funds are prosecuting this case as Congress contemplated lead plaintiffs should – effectively and efficiently.  It is thus unsurprising that no competing movant legitimately contests their adequacy.[2]

Instead, the movant with the smallest financial interest (IUOE) attempts to rebut the presumption which lies in favor of the Union Pension Funds.  IUOE does so by contending that the Union Pension Funds cannot be appointed lead plaintiff because they are "comprised of unrelated entities that do not have any pre-existing relationship." ECF 27 at 15.  Unfortunately for IUOE, the Third Circuit rejected that

---

[1]   All terms not otherwise defined herein have the same meaning as set forth in the Union Pension Funds' Brief in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel and the Union Pension Funds' Response in Opposition to Competing Lead Plaintiff Motions.  *See* ECF 22-1, 28.

[2]   Implicitly conceding the Union Pension Funds' typicality and adequacy, the Pension Fund Group made no arguments directed at the Union Pension Funds' fitness to serve as lead plaintiff.  *See* ECF 29.  Any such arguments raised for the first time on reply should be disregarded.  *See Lawlor v. ESPN Scouts, LLC*, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011) (holding that "[w]here an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned").

.

- 1 -

argument decades ago when it stated that "[t]he [PSLRA] contains no requirement mandating that the members of a proper group be 'related' in some manner.'" *In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001).[3]   Instead, a "court should disqualify" a group *only* if it "determines that the way in which a group seeking to become lead plaintiff was formed or the manner in which it is constituted would preclude it from fulfilling the tasks assigned to a lead plaintiff." *Id.* (finding no such concerns present with group of unaffiliated pension funds).  And, while there *is* a movant in this case (the Pension Fund Group) that cannot satisfy the Third Circuit's test, the Union Pension Funds easily pass muster.

The Union Pension Funds' cohesion and active oversight of counsel is evidenced by the fact that they have conferred on multiple occasions concerning their prosecution of this case and collaborated together to seek the Court's approval of a counsel structure that has proven efficient and effective.  By contrast, the Pension Fund Group asks the Court to approve a counsel structure which requires not just one or two or even three, but at least *four* different law firms to draft, review, and/or sign off on each of the Pension Fund Group's filings.  *See Soto v. Hensler*, 235 F. Supp. 3d 607, 617 (D. Del. 2017) (noting that "[a]s compared to proposed

---

[3]   Unless otherwise noted, all emphasis is added and citations are omitted.

- 2 -

4873-9818-0758.v3

groups of three, four, five or more, a two-person/entity group should have an easier time in coordinating their work as lead plaintiff").

Further, while judges of this Court do not blindly appoint large groups of unrelated individual investors, they do recognize that a small group of sophisticated institutions capable of effective and efficient joint decision-making may be appointed lead plaintiff. *See, e.g.*, *Roofers' Pension Fund v. Papa*, 2017 WL 1536222 (D.N.J. Apr. 27, 2017); *Montesano v. Eros Int'l PLC*, 2020 WL 1873015 (D.N.J. Apr. 14, 2020); *In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562 (D.N.J. Apr. 3, 2006). And, courts across the country have found this to be true even where a competing movant claims to have suffered a larger individual loss. *See Perrin v. Sw. Water Co.*, 2009 WL 10654690, at \*3-\*4 (C.D. Cal. Feb. 13, 2009) (appointing group of investors over single movant with larger loss than any group member); *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 350 n.10 (E.D.N.Y. 2018) (same); *Peters v. Jinksolar Holding Co., Ltd.*, 2012 WL 946875, at \*9 (S.D.N.Y. Mar. 19, 2012) (same); *San Antonio Fire and Police Pension Fund v. Dentsply Sirona Inc.*, 2023 WL 3750115, at \*4-\*6 (S.D.N.Y. June 1, 2023) (same).

IUOE's suggestion that the Union Pension Funds cannot be appointed lead plaintiff because they did not submit a declaration along with their original submission fares no better. *See* ECF 27 at 15-16. Tellingly, IUOE itself has moved for appointment as lead plaintiff with another institutional investor (represented by

- 3 -

the same counsel it is represented by here) without submitting a joint declaration. *See In re Omnicare, Inc. Sec. Litig.*, No. 2:11-cv-00173-DLB-CJS, ECF 22 (E.D. Ky. Oct. 24, 2011). Regardless, there is no statutory requirement or judicial gloss providing that lead plaintiff movants can only evidence their adequacy by submitting a joint declaration along with their motion. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Rather, the Third Circuit provides that "[i]n conducting the initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements, the court may and should consider the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted." *Cendant*, 264 F.3d at 264. And "[i]n assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Id.* (alteration in original). The Union Pension Funds readily meet this standard.

Here, the Union Pension Funds "conferred and discussed their leadership, decision-making, and oversight of this litigation" before filing their initial motion. ECF 22-1 at 7-8. Further, the Union Pension Funds are highly motivated to obtain the best result possible for the class. *Id.* In sum, the Union Pension Funds "are legally sophisticated entities, their chosen counsel are well-qualified" and "although

- 4 -

it is a group, there is no indication that the [Union Pension Funds were] artificially created by its lawyers, and the fact that it contains [two] members offers no obvious reason to doubt that its members could operate effectively as a single unit." *Cendant*, 264 F.3d at 268.

It is unsurprising that both cases IUOE cites for this proposition are inapposite. In *Chao Sun v. Han*, 2015 WL 2364937 (D.N.J. May 14, 2015), the court refused to appoint a group of ***individuals*** because there was "no evidence to suggest that they have the background or investment experience to effectively monitor the litigation." *Id.* at *4. Judge Linares also took issue with the fact that there was no indication that the individuals had even spoken to one another before filing their motion. *Id.* at *3. Similarly, in *Takata v. Riot BlockChain, Inc.*, 2018 WL 5801379, (D.N.J. Nov. 6, 2018), Judge Wolfson was similarly troubled by the fact that the three individuals who sought to be appointed as lead plaintiff provided no evidence that they had any contact with each other ***before*** filing their motion. *Id.* at *5. Unlike those ***individual*** movants, the Union Pension Funds are ***institutions*** who have communicated both before and throughout the lead plaintiff briefing process.

In stark contrast to the Union Pension Funds, the Pension Fund Group proposes ***at least*** four different law firms with three separate firms concurrently serving as lead counsel. *See Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*, 529 F. Supp. 3d 385, 403-04 (E.D. Pa. 2021) ("[i]t is

- 5 -

incumbent upon the parties seeking approval of their chosen counsel to provide the Court with the information necessary to evaluate whether counsel will properly serve the interests of the class"). Recognizing that "[t]he potential for duplicative services and the concomitant increase in attorneys' fees works against the approval of multiple lead counsel," courts around the country have long refused to appoint movants (such as the Pension Fund Group) where "the counsel structure it proposes would inhibit the fair and adequate representation of the plaintiff class as a whole." *In re Milestone Sci. Sec. Litig.*, 187 F.R.D. 165, 176-77 (D.N.J. 1999); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 817 (N.D. Ohio 1999); *see also McDermid v. Inovio Pharm., Inc.*, 467 F. Supp. 3d 270, 278-79 (E.D. Pa. 2020) (finding movant group inadequate, *inter alia*, given "that so many law firms [four] midwifed the Inovio Group gives the impression that lawyers created the Group or at least partly assembled its members"); *Atkinson v. Morgan Asset Mgmt., Inc.*, 2008 WL 11319683, at *12-*13 (W.D. Tenn. Sept. 23, 2008) (finding movant was "not entitled to lead plaintiff status" because of "'the counsel structure it proposes,'" which comprised of multiple firms as lead and liaison counsel).

Simply put, the Pension Fund Group cannot be appointed because its decision to be represented by *at least* four separate law firms is "so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class, thus disqualifying it from serving as lead plaintiff at all." *Cendant*, 264 F.3d at 266. The

- 6 -

involvement of four (or even five) sets of lawyers at different firms calling the shots, along with an additional four decision-makers (the individual members comprising the Pension Fund Group) is a recipe for *in*effectiveness and constitutes a showing of *in*adequacy.  *See Inovio Pharm.*, 467 F. Supp. 3d at 278-79.[4]

Because the Pension Fund Group is inadequate, the Union Pension Funds are the presumptive lead plaintiff.  And because no other movant has provided the "proof" required to rebut the most adequate plaintiff presumption, the Union Pension Funds' motion should be granted.

---

[4]   The Court should decline any *post-hoc* invitation by the Pension Fund Group's various members and/or law firms to step down, assume a different title, or realign themselves with specific group members in an attempt to cure the flaws with the Pension Fund Group's proposed structure.  *Id.*; *see also Takata*, 2018 WL 5801379, at *5 n.5 (finding that "[t]his belated offer to break apart the group . . . does not assuage the Court's concerns that the attorneys, and not the plaintiffs, have initiated [the group's] efforts").

4873-9818-0758.v3

DATED:  December 11, 2023

Respectfully submitted,

SEEGER WEISS LLP

By: _____
      Christopher A. Seeger
Christopher L. Ayers
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  973/639-9100
973/679-8656 (fax)
cseeger@seegerweiss.com
cayers@seegerweiss.com


Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
Danielle S. Myers
Michael Albert
Kenneth P. Dolitsky
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed
Lead Plaintiff

4881-8886-3126, v. 1

- 8 -

4873-9818-0758.v3