<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRA LIFESCIENCES HOLDINGS CORPORATION, *et al.*,<br><br>Defendants. | Civil Action No. 23-20321 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon three applications to be appointed lead plaintiff in this matter: (1) International Union of Operating Engineers Pension Fund of Eastern Pennsylvania & Delaware's ("IUOE") application (ECF No. 18); (2) Ohio Carpenters Pension Fund and Elevator Constructors Union Local No. 1 Annuity & 401(k) Fund's (the "Union Funds") application (ECF No. 22); and (3) San Antonio Fire and Police Pension Fund, Pembroke Pines Firefighters & Police Officers Pension Fund, City of Birmingham Retirement and Relief System, and Operating Engineers Construction Industry and Miscellaneous Pension Fund's (collectively, the "Pension Funds") application (ECF No. 20). After the three applications were submitted, all applicants submitted memoranda supporting their applications (ECF Nos. 29, 30, 31, 32), and IUOE and the Union Funds submitted opposition briefs to the other movants' applications (ECF Nos. 27, 28). After consideration of the parties' applications and briefing, the Court appoints the Pensions Funds as lead plaintiffs and approves their selection of counsel.

Under the Private Securities Litigation Reform Act (the "PSLRA"), "[i]n appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status. The process begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb)); *In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 567 (D.N.J. 2006) (citing *In re Cendent*, 264 F.3d at 223). "Once the court has identified the movant with 'the largest financial interest in the relief sought by the class,' it should then turn to the question [of] whether that movant 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure,' and is thus the presumptively most adequate plaintiff." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)).

Here, it is undisputed that the Pension Funds have the largest financial interest in the relief sought by the class. Additionally, the Pension Funds meet the requirements of Rule 23. Specifically, the Court finds that the Pension Funds have made out a *prima facie* case of typicality and adequacy, as required at the lead plaintiff appointment stage. *Id.* at 263. The Pension Funds' claims are typical because the movants: (1) purchased Integra common stock during the class period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby. The Pensions Funds have also made a *prima facie* showing of adequacy because they are fairly and adequately protecting the interests of the class. As such, the Pension Funds are the presumptive lead plaintiffs in this matter.

The Unions Funds and IUOE, however, attempt to rebut this presumption. Importantly, "[t]he presumption 'may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the

2

interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Id.* at 223. A member of the purported plaintiff class must, however, "produce more than speculation to rebut the presumption." *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014).

While IUOE and the Union Funds contest the Pension Funds' appointment as lead counsel, neither the IUOE nor the Union Funds provide proof that the Pension Funds are inadequate. (*See generally* ECF Nos. 27, 28.) Instead, the IUOE and the Union Funds can only offer speculation that the Pensions Funds may have only been created by lawyers to ensure eventual appointment as lead counsel in this case because four law firms represent the Pension Funds. *See generally id.*; *but see In re Cendant*, 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I))). This is simply not enough to rebut the presumption that the Pension Funds should serve as lead counsel. *Id.* at 268 (providing that the PSLRA is clear that the movant with the largest financial interest is the presumptive lead plaintiff and that such presumption can only be rebutted "upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class." (emphasis omitted) (citation omitted)).

Accordingly, for the reasons above,

**IT IS** on this 17th day of June 2024, **ORDERED** as follows:

1. The Pension Funds' Motion is **GRANTED**.

2. The Pension Funds are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, in the above-captioned action and all related actions consolidated

pursuant to paragraph 4 of this Order.

3. The Pension Funds' selection of Counsel is **APPROVED**, and Bernstein Litowitz Berger & Grossmann LLP, Saxena White P.A., and Kessler Topaz Meltzer & Check, LLP are **APPOINTED** to serve as Lead Counsel for the Class and Carella, Byrne, Cecchi, Brody & Agnello, P.C. is **APPOINTED** to serve as Liaison Counsel for the Class.

4. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, any pending, previously or subsequently filed, removed, or transferred actions that are related to the claims asserted in the above-captioned action are **CONSOLIDATED** for all purposes.

5. This Action shall be captioned "*In re Integra LifeSciences Holdings Corporation Securities Litigation*" and the file shall be maintained under Master File No. 3:23-cv-20321-MAS-TJB.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4