# EXHIBIT 46

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| THOMAS MYERS,<br><br>      Plaintiff,<br><br>    v.<br><br>INTEGRA LIFESCIENCES<br>CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO. 1:24-cv-12461 |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND**

Defendant Integra LifeSciences Corporation ("Integra" or "Defendant") by and through their undersigned attorneys, and in response to Plaintiff Thomas Myers' ("Myers" or "Plaintiff") First Amended Complaint (the "Complaint"), hereby respond as follows:

## I. INTRODUCTION

1. The allegations set forth in Paragraph 1 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 1 of the Complaint.

## II. PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and denies same on that basis.

3. Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

### III.   JURISDICTION

4.      Defendant admits the allegations set forth in Paragraph 4 of the Complaint and does not challenge venue in the United States District Court for the District of Massachusetts (Boston Division).

### IV.   FACTS

5.      Defendant is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and denies same on that basis.

6.      Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7.      The allegations set forth in Paragraph 7 of the Complaint call for a legal conclusion, to which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 7 of the Complaint except to admit that Plaintiff worked for Defendant in Massachusetts and that Integra does business in both Massachusetts and Rhode Island.

8.      Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9.      Defendant admits that Integra hired Plaintiff in or about August 1, 2023 to be a Senior Director of Quality Operations.  Defendant is without sufficient information to form a belief as to the truth of his prior employment and denies same on that basis.

10.     Defendant is without sufficient information to form a belief as to what Plaintiff "learned" at any given time and denies the allegations in Paragraph 10 on that basis.

11.     Defendant denies the allegations and implications set forth in Paragraph 11 of the Complaint including the pre-cursor language before subsections (a)-(c).  Paragraph 11 subsection (a) contains legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 11(a).  Paragraph 11(b) of the

Complaint purports to describe a document, which speaks for itself.  To the extent the allegations in Paragraph 11(b) are inconsistent with that document, they are denied.  The allegations set forth in Paragraph 11(c) of the Complaint call for legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 11(c) except to admit that: (i) Plaintiff appears to refer to a securities lawsuit that Defendant admits was pending in the District of New Jersey and was dismissed on motion on June 30, 2025; and (ii) Plaintiff appears to reference a separate California action that Defendant admits is currently pending in the Federal District Court of the Southern District of California and which has nothing to do with any of Plaintiff's allegations in this matter.

12.     The allegations set forth in Paragraph 12 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14.     The allegations set forth in Paragraph 14 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15.     The allegations set forth in Paragraph 15 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 15, except to admit that Plaintiff began working for Integra on or around August 28, 2023.

16.     Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the Complaint as the "employees" to which Plaintiff refers to are not identified.  Therefore, the allegations are denied on that basis.

- 3 -

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. The allegations set forth in Paragraph 23 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. The allegations set forth in Paragraph 25 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. The allegations in Paragraph 28 of the Complaint are vague and ambiguous in that the "subsequent leadership conference" and "Integra leaders" to which the Paragraph refers to are unidentified rendering Defendant unable to form a response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the Complaint. Therefore, the allegations are denied on that basis.

- 4 -

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint except to admit that the sheets were not destroyed.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint except to admit that manufacturing was shut down and Greenleaf was notified.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint except to admit that Krause resigned from her position in March of 2024.

43. Defendant admits the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendant admits the allegations set forth in Paragraph 47 of the Complaint.

48.     The allegations set forth in Paragraph 48 of the Complaint purport to describe a document, which speaks for itself.  To the extent the allegations in Paragraph 48 are inconsistent with that document, they are denied.

49.     Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendant admits the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52.     The allegations set forth in Paragraph 52 of the Complaint purport to describe a document which speaks for itself.  To the extent the allegations in Paragraph 52 are inconsistent with that document, they are denied.

53.     Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54.     The allegations set forth in Paragraph 54 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 55 of the Complaint and denies the same on that basis.

56.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 56 of the Complaint.  Therefore, the allegations are denied on that basis.

57.     Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61.     The allegations set forth in Paragraph 61 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendant admits the allegations set forth in Paragraph 62 of the Complaint.

63.     The allegations set forth in Paragraph 63 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64.     The allegations set forth in Paragraph 64 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 65 of the Complaint and denies the same on that basis.

66.     Defendant denies the allegations set forth in Paragraph 66 of the Complaint except to admit that following his separation from employment, Plaintiff no longer received salary from Defendant.

67.     The allegations set forth in Paragraph 67 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68. The allegations set forth in Paragraph 68 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. The allegations set forth in Paragraph 69 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70. The allegations set forth in Paragraph 70 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71. The allegations set forth in Paragraph 71 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72. The allegations set forth in Paragraph 72 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 72 of the Complaint.

73. The allegations set forth in Paragraph 73 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 73 of the Complaint and denies the same on that basis.

74. The allegations set forth in Paragraph 74 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75. Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76.     The allegations set forth in Paragraph 76 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

77.     The allegations set forth in Paragraph 77 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 77 of the Complaint.

78.     The allegations set forth in Paragraph 78 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

79.     The allegations set forth in Paragraph 79 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

80.     The allegations set forth in Paragraph 80 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 80 of the Complaint.

81.     The allegations set forth in Paragraph 81 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

## <u>COUNT I</u>

### <u>WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY</u>

82.     Defendant repeats and realleges each of its answers to the prior allegations as set forth in length herein.

83. The allegations set forth in Paragraph 83 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84. The allegations set forth in Paragraph 84 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

85. The allegations set forth in Paragraph 85 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 85 of the Complaint.

86. The allegations set forth in Paragraph 86 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 86 of the Complaint.

87. The allegations set forth in Paragraph 87 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88. The allegations set forth in Paragraph 88 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

89. The allegations set forth in Paragraph 89 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 89 of the Complaint.

90.     The allegations set forth in Paragraph 90 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

## COUNT II

## WHISTLEBLOWER RETALIATION IN VIOLATION OF RHODE ISLAND GENERAL LAWS § 28-50-3

91.     Defendant repeats and realleges each of its answers to the prior allegations as set forth in length herein.

92.     The allegations set forth in Paragraph 92 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 92 of the Complaint.

93.     The allegations set forth in Paragraph 93 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 93 of the Complaint.

94.     The allegations set forth in Paragraph 94 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 94 of the Complaint.

95.     The allegations set forth in Paragraph 95 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

96.     The allegations set forth in Paragraph 96 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 96 of the Complaint.

97.     The allegations set forth in Paragraph 97 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 97 of the Complaint.

98.     The allegations set forth in Paragraph 98 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 98 of the Complaint.

## COUNT III

## BREACH OF IMPLIED CONTRACT

99.     Defendant repeats and realleges each of its answers to the prior allegations as set forth in length herein.

100.    The allegations set forth in Paragraph 100 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 100 of the Complaint.

101.    The allegations set forth in Paragraph 101 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 101 of the Complaint.

102.    : The allegations set forth in Paragraph 102 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 102 of the Complaint.

## COUNT IV

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

103.    Defendant repeats and realleges each of its answers to the prior allegations as set forth in length herein.

- 12 -

104.    The allegations set forth in Paragraph 104 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 104 of the Complaint.

105.    The allegations set forth in Paragraph 105 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 105 of the Complaint.

106.    The allegations set forth in Paragraph 106 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 106 of the Complaint.

107.    The allegations set forth in Paragraph 107 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 107 of the Complaint.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

108.    Defendant repeats and realleges each of its answers to the prior allegations as set forth in length herein.

109.    Count V has been withdrawn by the Plaintiff and therefore no responsive pleading is required. To the extent a response was required, Defendant denies the allegations set forth in Paragraphs 109-112 of the Complaint.

110.    Count V has been withdrawn by the Plaintiff and therefore no responsive pleading is required. To the extent a response was required, Defendant denies the allegations set forth in Paragraphs 109-112 of the Complaint.

- 13 -

111.     Count V has been withdrawn by the Plaintiff and therefore no responsive pleading is required. To the extent a response was required, Defendant denies the allegations set forth in Paragraphs 109-112 of the Complaint.

112.     Count V has been withdrawn by the Plaintiff and therefore no responsive pleading is required. To the extent a response was required, Defendant denies the allegations set forth in Paragraphs 109-112 of the Complaint.

## COUNT VI

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

113.     Defendant repeats and realleges each of its answers to the prior allegations as set forth in length herein.

114.     Count VI has been withdrawn by the Plaintiff and therefore no responsive pleading is required. To the extent a response was required, Defendant denies the allegations set forth in Paragraphs 114-116 of the Complaint.

115.     Count VI has been withdrawn by the Plaintiff and therefore no responsive pleading is required. To the extent a response was required, Defendant denies the allegations set forth in Paragraphs 114-116 of the Complaint.

116.     Count VI has been withdrawn by the Plaintiff and therefore no responsive pleading is required. To the extent a response was required, Defendant denies the allegations set forth in Paragraphs 114-116 of the Complaint.

## PRAYERS FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief demanded in the Complaint, including the relief requested in the "Wherefore" clause in his Prayers for Relief, and respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismissing the Complaint

in its entirety and with prejudice, and awarding Defendant its attorney's fees, costs and such other and further relief as the Court deems equitable and just.

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendant sets forth the following Separate and Affirmative Defenses, but in so doing does not undertake the burden of proof as to any element of any claim or defense not otherwise required by law:

## FIRST DEFENSE

Plaintiff's allegations fail, in whole or in part, to state any claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Defendant has not retaliated against Plaintiff, or subjected him to any other illegal conduct, but rather have at all times treated him fairly and in accordance with the law.

## FOURTH DEFENSE

Plaintiff's claims and/or damages are barred or limited by the after-acquired evidence doctrine.

## FIFTH DEFENSE

Plaintiff was an at-will employee, subject to termination at any time, with or without notice.

## SIXTH DEFENSE

As a matter of fact and law, Defendant is not liable to Plaintiff for any reason or under any theory.

## SEVENTH DEFENSE

Upon information and belief, Plaintiff has failed, in whole or in part, to mitigate his purported damages.

## EIGHTH DEFENSE

At all material times hereto, Plaintiff was fully aware that Defendant had in place effective policies, reporting procedures and training reasonably designed to prevent or remedy any retaliation in the workplace ("Programs"), and Plaintiff either failed to reasonably take advantage of such Programs or such Programs remedied any alleged discrimination and/or retaliation towards Plaintiff.

## NINTH DEFENSE

Plaintiff's claims for damages, if any, are barred because Defendant undertook good faith efforts to comply with all applicable laws, rules and regulations.

## TENTH DEFENSE

All actions towards Plaintiff were taken in good faith, without malice or intent to injure, harm or damage him and were based upon reasonable, legitimate, non-discriminatory and non-retaliatory business reasons.

## ELEVENTH DEFENSE

Plaintiff does not have any statutory or other basis for recovering damages, punitive damages, lost wages, emotional distress damages, attorneys' fees, and/or costs or expenses of suit in this action.

## TWELFTH DEFENSE

Plaintiff did not exercise any legally protected rights or engage in any protected activity that would give rise to a cause of action and Defendant never took any adverse action against Plaintiff for exercising any legally protected rights or engaging in any protected activity.

## THIRTEENTH DEFENSE

To the extent that Plaintiff alleges that he was retaliated against based, in part, on illegal factors, which is denied, Defendant would have made the same decision(s) based on legal factors.

## FOURTEENTH DEFENSE

Plaintiff's claims, in whole or in part, are offset by any earnings, severance pay, unemployment compensation, and any other pay or benefits Plaintiff received as provided by law.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred and/or waived by Plaintiff's own conduct.

## SIXTEENTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred because Plaintiff failed, in whole or in part, to exhaust all available administrative remedies, and/or otherwise failed to comply with the statutory prerequisites of bringing this action.

## SEVENTEENTH DEFENSE

No actions or omissions of Defendant were the proximate cause of any alleged injury, loss, or damage to Plaintiff and, thus, Plaintiff's claims should be dismissed because there is no causal connection between the events alleged in the Complaint and any damages that Plaintiff has allegedly suffered.

**EIGHTEENTH DEFENSE**

Any entitlement of Plaintiff to punitive damages for the alleged discriminatory employment decisions of Defendant is contrary to Defendant's good faith efforts to comply with all equal employment opportunity laws.  Moreover, Defendant is not liable for punitive damages under the law, because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

**NINETEENTH DEFENSE**

Plaintiff is not entitled to recover any punitive or exemplary damages on that grounds that any award of punitive or exemplary damages under federal law as applied to the facts of this action would violate Defendant's constitutional rights under the provisions of the United States Constitution, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**TWENTIETH DEFENSE**

To the extent that punitive damages are available, which Defendant disputes, any claim by Plaintiff for punitive damages is barred in whole or in part because Plaintiff failed to allege facts

which would entitle Plaintiff to punitive damages and otherwise cannot show Plaintiff is entitled to punitive damages.

## TWENTY-FIRST DEFENSE

To the extent that Defendant breached any contract with Plaintiff, which Defendant disputes, any claim by Plaintiff for breach of contract is barred by the doctrine of equitable estoppel.

## TWENTY-SECOND DEFENSE

To the extent that Defendant breached any contract with Plaintiff, which Defendant disputes, any claim by Plaintiff for breach of contract is barred because Plaintiff waived his rights under the contract.

Defendant hereby reserves the right to assert such other and further defenses to Plaintiff's Complaint as further investigation of the facts may warrant.

## JURY TRIAL DEMAND

Defendant demands a trial by jury on all issues so triable.

**WHEREFORE,** Defendant denies that Plaintiff is entitled to any of the relief demanded in his Complaint, and respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety and with prejudice, and awarding Defendant its attorneys' fees, costs and such other and further relief as the Court deems equitable and just.

- 19 -

Respectfully submitted,

**ATTORNEYS FOR DEFENDANT**

*/s/ John T. McDonald*
John T. McDonald (*admitted pro hac vice*)
REED SMITH LLP
506 Carnegie Center Dr., Suite 300
Princeton, New Jersey 08540
Tel. (609) 987-0050
jmcdonald@reedsmith.com

*/s/ Jeffrey S. Siegel*
Jeffrey S. Siegel (BBO No. 647148)
**MORGAN, BROWN & JOY, LLP**
28 State Street, 16th Floor
Boston, MA 02109
Tel. (617) 523-6666
jsiegel@morganbrown.com

Dated: July 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on July 11, 2025.

*/s/ Jeffrey S. Siegel*