# EXHIBIT 48

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

SUSAN KRAUSE

       Plaintiff,

  v.

INTEGRA LIFESCIENCES
CORPORATION,

       Defendant.

Case No. 24-cv-4339 (LMP/ECW)

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Integra Lifesciences Corporation ("Defendant" or "Integra"), by and through its undersigned counsel, file this Answer to Plaintiff Susan Krause's Complaint. Defendant denies each allegation of the Complaint except as specifically stated herein.

## PARTIES[1]

1. Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Integra admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 of the Complaint call for a legal conclusion to which no response is required. The allegations contained in Paragraph 3 also relate to a different court and, therefore, no response is required.

---

[1] Defendant reproduced Plaintiff's headers from her Complaint for convenience purposes. To the extent that each header presents factual content or legal conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations contained in each header.

Numerous of the allegations in the Complaint are currently sealed with the Court. By responding to these allegations, Integra is not waiving its claim that those allegations are confidential and appropriately sealed with the Court.

4.      The allegations contained in Paragraph 4 of the Complaint call for a legal conclusion to which no response is required.  The allegations contained in Paragraph 4 also relate to a different court and, therefore, no response is required.

5.      The allegations contained in Paragraph 5 of the Complaint call for a legal conclusion to which no response is required.  The allegations contained in Paragraph 5 also relate to a different court and, therefore, no response is required.

## FACTUAL ALLEGATIONS

6.      Integra is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 6 of the Complaint.  Therefore, the allegations are denied on that basis.

7.      Integra denies the allegations in Paragraph 7 of the Complaint except to admit that it employed Plaintiff as its Corporate Vice President and Chief Quality Officer from June 2021 until her resignation on March 11, 2024.  The remaining allegations in Paragraph 7 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Integra denies the remaining allegations in Paragraph 7 of the Complaint.

8.      Integra admits the allegations in Paragraph 8 of the Complaint.

9.      Integra denies the allegations in Paragraph 9 of the Complaint except to admit that Mr. De Witte was its President and CEO from December 2021 to January 2025.

10.      Integra denies the allegations in Paragraph 10 of the Complaint except to admit that Mr. Schwartz was its Executive Vice President and Chief Legal Officer from November 12, 2018 through the end of Plaintiff's employment.

11.      Integra denies the allegations in Paragraph 11 of the Complaint except to admit that upon her hire in June 2021, Plaintiff took over an approximately 600-person Quality organization and, with this team, oversaw quality for over 25,000 products manufactured at over a dozen sites.

2

12. Integra denies the allegations in Paragraph 12 of the Complaint.

13. Integra denies the allegations in Paragraph 13 of the Complaint.

14. Integra admits the allegations in Paragraph 14 of the Complaint.

15. Integra denies the allegations in Paragraph 15 of the Complaint.

16. Integra denies the allegations in Paragraph 16 of the Complaint except to admit that it submitted a PMA for Surgimend Breast Reconstruction prior to the resolution of the 2019 FDA warning letter.

17. Integra denies the allegations in Paragraph 17 of the Complaint except to admit that the FDA inspected its Boston facility on October 28, 2021 and November 12, 2021, which resulted in an FDA Form 483 being issued to the Company, and that a regulatory meeting was held on January 26, 2022 during which a remediation plan was discussed. The FDA Form 483 is a written document, the contents of which speak for itself. Integra denies the allegations in Paragraph 17 to the extent inconsistent with that document. The allegations contained in Paragraph 17 of the Complaint related to the "seriousness" of the FDA's findings call for a legal conclusion, to which no response is required. Integra denies the remaining allegations in Paragraph 17 of the Complaint.

18. Integra denies the allegations in Paragraph 18 of the Complaint.

19. Integra denies the allegations in Paragraph 19 of the Complaint except to admit that Plaintiff attended a Senior Management Team meeting in Florida in March 2022, during which the FDA issues related to the Boston facility were discussed. Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 19 of the Complaint and denies the same on that basis.

20. Integra denies the allegations in Paragraph 20 of the Complaint.

21. Integra is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 21 of the Complaint. Therefore, the allegations are denied on that basis.

22. Integra denies the allegations in Paragraph 22 of the Complaint except to admit that in August 2022, Integra recalled its product Cerelink, which monitors intracranial pressure during brain surgeries, because of reports it received.

23. Integra denies the allegations in Paragraph 23 of the Complaint except to admit that it received a complaint through its internal hotline on October 20, 2022 and a complaint was filed with the FDA on November 3, 2022. Those complaints are written documents, the contents of which speak for themselves. Integra denies the allegations in Paragraph 23 to the extent inconsistent with those documents.

24. The allegations contained in Paragraph 24 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 24 of the Complaint.

25. Integra's Policy for Managing Internal Reports and the hotline report are written documents, the contents of which speak for themselves. Integra denies the allegations in Paragraph 25 to the extent inconsistent with those documents. Integra denies the remaining allegations in Paragraph 25 of the Complaint.

26. Integra denies the allegations in Paragraph 26 of the Complaint except to admit that its Chief Compliance Officer is Tracy Redondo and that the October 20, 2022 hotline report was closed on November 17, 2022. The report is a written document, the contents of which speak for itself. Integra denies the allegations in Paragraph 26 to the extent inconsistent with that document.

27. Integra is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 27 of the Complaint related to Plaintiff's purported medical condition and denies the same on that basis. Plaintiff's communications with De Witte are written documents, the contents of which speak for themselves. Integra denies the allegations in Paragraph 27 to the extent inconsistent with those documents. Integra denies the remaining allegations in the Complaint.

28. Integra denies the allegations in Paragraph 28 of the Complaint.

29. Integra denies the allegations in Paragraph 29 of the Complaint except to admit that subsequent communications were put under the Boston's plant manager's door and received in December 2022 and January 2023, which are written documents, the contents of which speak for themselves. Integra denies the allegations in Paragraph 29 to the extent inconsistent with those documents.

30. The allegations in Paragraph 30 refer to written documents, the contents of which speak for themselves. Integra denies the allegations in Paragraph 30 to the extent inconsistent with those documents. Integra denies all remaining allegations in Paragraph 30 in the Complaint.

31. Integra denies the allegations in Paragraph 31 of the Complaint except to admit that Plaintiff communicated with the FDA regarding the October 20, 2022 internal hotline report, and that Integra put manufacturing on hold on December 14, 2022 pending investigation of additional allegations.

32. Integra is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 32 of the Complaint related to Plaintiff's purported Teams Meeting with the FDA, and denies those allegations on that basis. Integra denies the remaining allegations in Paragraph 32 of the Complaint except to admit that Plaintiff signed a

communication to the FDA on January 18, 2023, which is a written document, the contents of which speaks for itself. Integra denies the allegations in Paragraph 32 to the extent inconsistent with that document.

33. The allegations in Paragraph 33 of the Complaint related to the requirement to produce certain documentation call for a legal conclusion to which no response is required. Integra denies the remaining allegations in Paragraph 33 of the Complaint except to admit that the FDA conducted a "for cause" on-site investigation from March 1, 2023 through May 16, 2023 to investigate the October 20, 2022 internal complaint that had been escalated to the FDA by the reporter, that Plaintiff escalated purported concerns related to a "failure to comply" to Mr. DeWitte, and that the requested materials were provided to her.

34. Integra denies the allegations in Paragraph 34 of the Complaint.

35. Integra denies the allegations in Paragraph 35 of the Complaint except to admit an internal form 801 was issued on or about March 13, 2023. The internal form 801 is a written document, the contents of which speak for itself. Integra denies the allegations in Paragraph 35 to the extent inconsistent with that document.

36. Integra denies the allegations in the first, fourth, and fifth sentences of Paragraph 36 of the Complaint. The second, third, fourth and sixth sentences in Paragraph 36 of the Complaint refer to written documents, the contents of which speak for themselves. Integra denies the allegations to the extent inconsistent with those documents.

37. Integra denies the allegations in Paragraph 37 of the Complaint except to admit that on or about April 27, 2023, an outside lab provided a report that discussed, in part, endotoxin levels with respect to certain products at the Boston site. That report, as well as subsequent reporting by the outside lab and any customer complaints, are written documents, the contents of which speak

6

for themselves. Integra denies the allegations in Paragraph 37 to the extent inconsistent with those documents.

38. Integra denies the allegations in the first sentence of Paragraph 38 of the Complaint except to admit that Integra's PSB took action in response to endotoxin-related concerns. Integra denies the allegations in the second sentence of Paragraph 38 of the Complaint. The third sentence of Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Integra denies the allegations in the third sentence of Paragraph 38 of the Complaint. Integra denies the allegations in the final sentence of Paragraph 38 of the Complaint.

39. Given the use of quotation marks, the allegations in Paragraph 39 of the Complaint appear to relate to an audio recording, which speaks for itself to the extent that it is accurate, genuine, and authentic. Integra denies the allegations in Paragraph 39 of the Complaint to the extent they are inconsistent with any such recording. Integra denies the remaining allegations in Paragraph 39 of the Complaint.

40. The allegations in Paragraph 40 of the Complaint call for a legal conclusion to which no response is required. Given the use of quotation marks, the allegations in Paragraph 40 of the Complaint appear to relate to an audio recording, which speaks for itself to the extent that it is accurate, genuine, and authentic. Integra denies the allegations in Paragraph 40 of the Complaint to the extent they are inconsistent with any such recording. Integra denies the remaining allegations in Paragraph 40 of the Complaint.

41. Given the use of quotation marks, the allegations in Paragraph 41 of the Complaint appear to relate to a written document, which speaks for itself to the extent that it exists. Integra denies the allegations in Paragraph 41 of the Complaint to the extent they are inconsistent with any

7

such document. The allegations in Paragraph 41 of the Complaint call for a legal conclusion to which no response is required. Integra denies the remaining allegations in Paragraph 41 of the Complaint except to admit that Integra's Investor Day was on May 4, 2023.

42. Integra denies the allegations in Paragraph 42 of the Complaint.

43. The allegations in Paragraph 43 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Integra denies those allegations.

44. Given the use of quotation marks, the allegations in Paragraph 44 of the Complaint appear to relate to an audio recording, which speaks for itself to the extent it is accurate, genuine, and authentic. Integra denies the allegations in Paragraph 44 of the Complaint to the extent they are inconsistent with any such recording. The allegations in Paragraph 44 of the Complaint call for a legal conclusion to which no response is required. Integra denies the remaining allegations in Paragraph 44 of the Complaint.

45. The allegations in Paragraph 45 of the Complaint relating to the alleged "similarly situated male executives" call for a legal conclusion to which no response is required. To the extent a response is required, Integra denies those allegations and the remaining allegations in Paragraph 45 of the Complaint.

46. Given the use of quotation marks, the allegations in Paragraph 46 of the Complaint appear to relate to an audio recording, which speaks for itself to the extent it is accurate, genuine, and authentic. Integra denies the allegations in Paragraph 46 of the Complaint to the extent they are inconsistent with any such recording. The allegations in Paragraph 46 of the Complaint related to Plaintiff's June 16, 2023 email are written documents, the contents of which speak for themselves. Integra denies the allegations in Paragraph 46 to the extent inconsistent with those documents. The allegations in Paragraph 46 of the Complaint relating to the alleged "condescending

8

and degrading" comment call for a legal conclusion to which no response is required. Integra denies the remaining allegations in Paragraph 46 of the Complaint.

47.   The allegations in Paragraph 47 of the Complaint related to De Witte's email refer to written documents, the contents of which speak for themselves. Integra denies the allegations in Paragraph 47 to the extent inconsistent with those documents. Integra denies the remaining allegations in Paragraph 47 of the Complaint.

48.   Integra denies the allegations in Paragraph 48 of the Complaint except to admit that Plaintiff met with the Chairman of the Board of Directors on July 17, 2023. The July 17, 2023 communication from the FDA is a written document, the contents of which speak for itself. Integra denies the allegations in Paragraph 48 to the extent inconsistent with that document.

49.   Integra denies the allegations in Paragraph 49 of the Complaint.

50.   Integra denies the allegations in Paragraph 50 of the Complaint.

51.   The allegations in Paragraph 51 refer to written documents, the contents of which speak for themselves. Integra denies the allegations in Paragraph 51 to the extent inconsistent with those documents. The remaining allegations in Paragraph 51 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Integra denies the remaining allegations in Paragraph 51 of the Complaint.

52.   Given the use of quotation marks, the allegations in Paragraph 52 of the Complaint appear to relate to an audio recording, which speaks for itself to the extent it is accurate, genuine, and authentic. Integra denies the allegations in Paragraph 52 of the Complaint to the extent they are inconsistent with any such recording. Integra denies the remaining allegations in Paragraph 52 of the Complaint except to admit that the Product Safety Board, of which Plaintiff was a part, elected to recall cranial access kits manufactured at the Salt Lake City facility.

9

53. Integra admits only that, on January 19, 2024, Integra recalled cranial access kits. The remaining allegations in Paragraph 53 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Integra denies the remaining allegations in Paragraph 53 of the Complaint.

54. Integra denies the allegations in Paragraph 54 of the Complaint except to admit that Plaintiff received her bonus in March.

55. Integra denies the allegations in Paragraph 55 of the Complaint.

56. Integra denies the allegations in Paragraph 56 of the Complaint.

57. Integra denies the allegations in Paragraph 57 of the Complaint.

58. The allegations in Paragraph 58 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 58 of the Complaint.

59. Integra denies the allegations in Paragraph 59 of the Complaint.

60. The allegations in Paragraph 60 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 60 of the Complaint.

61. Integra denies the allegations in Paragraph 61 of the Complaint except to admit that, as part of the remediation process, it was required by the FDA to hire an independent auditor for its Boston manufacturing facility, that it hired Greenleaf Health to conduct that audit, that it hired QualityHub to prepare for the audit, and that QualityHub's audit occurred from January 22, 2024 to January 26, 2024.

62. Integra denies the allegations in Paragraph 62 of the Complaint.

63. Given the use of quotation marks, the allegations in Paragraph 63 of the Complaint appear to relate to an audio recording, which speaks for itself to the extent it is accurate, genuine, and authentic. Integra denies the allegations in Paragraph 63 of the Complaint to the extent they are inconsistent with any such recording. Integra denies the remaining allegations in Paragraph 63 of the Complaint.

64. Integra denies the allegations in Paragraph 64 of the Complaint except to admit that on January 24, 2024, it received a hotline complaint related to its Plainsboro, New Jersey work site, it investigated the claims raised in the hotline complaint, and a member of Plaintiff's quality team was part of the investigation team. The hotline complaint is a written document, the contents of which speak for itself. Integra denies the allegations in Paragraph 64 to the extent inconsistent with that document.

65. Integra denies the allegations in Paragraph 65 of the Complaint.

66. Integra denies the allegations in Paragraph 66 of the Complaint.

67. Integra denies the allegations in Paragraph 67 of the Complaint except to admit that there was a meeting on February 29, 2024 which Integra's chief officers attended.

68. Integra is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 68 of the Complaint relating to whether the same individual filed both the hotline complaint and the complaint to the FDA and denies the same on that basis. Integra denies the remaining allegations in Paragraph 68 of the Complaint except to admit a report was made to the FDA on March 7, 2024, Plaintiff requested that Integra share all information relating to its investigation into the hotline complaint on March 8, 2024, and Integra provided the documents Plaintiff's requested.

11

69.     Integra is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 69 of the Complaint relating to what "Plaintiff determined" and denies the same on that basis.   Integra denies the remaining allegations in Paragraph 69 of the Complaint.

70.     Integra denies the allegations in Paragraph 70 of the Complaint.

71.     Integra denies the allegations in Paragraph 71 of the Complaint except to admit that Plaintiff met with a member of the Board on March 10, 2024.

72.     Integra denies the allegations in Paragraph 72 of the Complaint except to admit that Plaintiff resigned through counsel on March 11, 2024.

73.     The allegations in Paragraph 73 of the Complaint relate to Counts 5 and 6 of the Complaint, which were dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 73 of the Complaint.

74.     The allegations in Paragraph 74 of the Complaint regarding "Mr. De Witte's false statement about Plaintiff" relate to Counts 5 and 6 of the Complaint, which were dismissed by this Court on September 16, 2025.  As such, no response is required to those allegations.  Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint related to Plaintiff's communication with "four large medical device companies" or the number of applications that she has allegedly submitted and denies the same on that basis. The allegations in Paragraph 74 of the Complaint regarding "suitable employment" call for a legal conclusion and require no response.  Integra denies the remaining allegations in Paragraph 74 of the Complaint.

75.     Integra is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 75 of the Complaint and denies the same on that basis.

76.     Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint and denies the same on that basis.

77.     Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint and denies the same on that basis.

## PLAINTIFF'S DAMAGES

78.     The allegations contained in Paragraph 78 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Integra denies the allegations in Paragraph 78 of the Complaint.

79.     The allegations contained in Paragraph 79 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Integra denies the allegations in Paragraph 79 of the Complaint.

80.     The allegations contained in Paragraph 80 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Integra denies the allegations in Paragraph 80 of the Complaint.

## COUNT ONE
## VIOLATION OF THE MINNESOTA WHISTLEBLOWER ACT
## MINN. STAT. § 181.932

81.     Integra incorporates its responses to the preceding paragraphs as if fully set forth herein.

82.     The allegations contained in Paragraph 82 of the Complaint call for a legal conclusion, to which no response is required.

13

83. The allegations contained in Paragraph 83 of the Complaint call for a legal conclusion, to which no response is required.

84. The allegations contained in Paragraph 84 of the Complaint call for a legal conclusion, to which no response is required.

85. The allegations contained in Paragraph 85 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 85 of the Complaint.

86. The allegations contained in Paragraph 86 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 86 of the Complaint.

87. The allegations contained in Paragraph 87 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 87 of the Complaint.

88. The allegations contained in Paragraph 88 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 88 of the Complaint.

**COUNT TWO**
**DISCRIMINATION ON BASIS OF SEX**
**MINNESOTA HUMAN RIGHTS ACT**
**MINN. STAT. §§ 363A.01, *et. seq.***

89. Integra incorporates its responses to the preceding paragraphs as if fully set forth herein.

90. The allegations contained in Paragraph 90 of the Complaint call for a legal conclusion, to which no response is required.

91.     The allegations contained in Paragraph 91 of the Complaint call for a legal conclusion, to which no response is required.

92.     The allegations contained in Paragraph 92 of the Complaint call for a legal conclusion, to which no response is required.

93.     The allegations contained in Paragraph 93 of the Complaint, including subparagraphs a-e, call for a legal conclusion, to which no response is required.  To the extent a response is required, Integra denies the allegations in Paragraph 93 of the Complaint.

94.     The allegations contained in Paragraph 94 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Integra denies the allegations in Paragraph 94 of the Complaint.

95.     The allegations contained in Paragraph 95 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Integra denies the allegations in Paragraph 95 of the Complaint.

96.      The allegations contained in Paragraph 96 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Integra denies the allegations in Paragraph 96 of the Complaint.

97.     The allegations contained in Paragraph 97 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Integra denies the allegations in Paragraph 97 of the Complaint.

98.     The allegations contained in Paragraph 98 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is required, Integra denies the allegations in Paragraph 98 of the Complaint.

99. The allegations contained in Paragraph 99 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 99 of the Complaint.

**COUNT THREE**
**REPRISAL**
**MINNESOTA HUMAN RIGHTS ACT**
**MINN. STAT. §§ 363A.01,** *et. seq.*

100. Integra incorporates its responses to the preceding paragraphs as if fully set forth herein.

101. The allegations contained in Paragraph 101 of the Complaint call for a legal conclusion, to which no response is required.

102. The allegations contained in Paragraph 102 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 102 of the Complaint.

103. The allegations contained in Paragraph 103 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 103 of the Complaint.

104. The allegations contained in Paragraph 104 of the Complaint call for a legal conclusion, to which no response is required.

105. The allegations contained in Paragraph 105 of the Complaint call for a legal conclusion, to which no response is required.

106. The allegations contained in Paragraph 106 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 106 of the Complaint.

107. The allegations contained in Paragraph 107 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 107 of the Complaint.

108. The allegations contained in Paragraph 108 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 108 of the Complaint.

**COUNT FOUR**
**CREATION OF HOSTILE WORK ENVIRONMENT**
**MINNESOTA HUMAN RIGHTS ACT**
**MINN. STAT. §§ 363A.01, et seq.**

109. Integra incorporates its responses to the preceding paragraphs as if fully set forth herein.

110. The allegations contained in Paragraph 110 of the Complaint call for a legal conclusion, to which no response is required.

111. The allegations contained in Paragraph 111 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 111 of the Complaint.

112. The allegations contained in Paragraph 112 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 112 of the Complaint.

113. The allegations contained in Paragraph 113 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 113 of the Complaint.

114. The allegations contained in Paragraph 114 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 114 of the Complaint.

115. The allegations contained in Paragraph 115 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 115 of the Complaint.

116. The allegations contained in Paragraph 116 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 116 of the Complaint.

117. The allegations contained in Paragraph 117 of the Complaint call for a legal conclusion, to which no response is required. To the extent a response is required, Integra denies the allegations in Paragraph 117 of the Complaint.

**COUNT FIVE**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

118. Integra incorporates its responses to the preceding paragraphs as if fully set forth herein.

119. The allegations in Paragraph 119 of the Complaint related to Count 5 of the Complaint, which was dismissed by this Court on September 16, 2025. As such, no response is required to Paragraph 119 of the Complaint. To the extent a response is required, Integra denies the allegations in Paragraph 119 of the Complaint.

120. The allegations in Paragraph 120 of the Complaint related to Count 5 of the Complaint, which was dismissed by this Court on September 16, 2025. As such, no response is required to Paragraph 120 of the Complaint. To the extent a response is required, Integra denies the allegations in Paragraph 120 of the Complaint.

18

121.     The allegations in Paragraph 121 of the Complaint related to Count 5 of the Complaint, which was dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 121 of the Complaint.  To the extent a response is required, Integra denies the allegations in Paragraph 121 of the Complaint.

122.     The allegations in Paragraph 122 of the Complaint related to Count 5 of the Complaint, which was dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 122 of the Complaint.  To the extent a response is required, Integra denies the allegations in Paragraph 122 of the Complaint.

**COUNT SIX**
**DEFAMATION**

123.     Integra incorporates its responses to the preceding paragraphs as if fully set forth herein.

124.     The allegations in Paragraph 124 of the Complaint related to Count 6 of the Complaint, which was dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 124 of the Complaint.  To the extent a response is required, Integra denies the allegations in Paragraph 124 of the Complaint.

125.     The allegations in Paragraph 125 of the Complaint related to Count 6 of the Complaint, which was dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 125 of the Complaint.  To the extent a response is required, Integra denies the allegations in Paragraph 125 of the Complaint.

126.     The allegations in Paragraph 126 of the Complaint related to Count 6 of the Complaint, which was dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 126 of the Complaint.  To the extent a response is required, Integra denies the allegations in Paragraph 126 of the Complaint.

19

127.     The allegations in Paragraph 127 of the Complaint related to Count 6 of the Complaint, which was dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 127 of the Complaint.  To the extent a response is required, Integra denies the allegations in Paragraph 127 of the Complaint.

128.     The allegations in Paragraph 128 of the Complaint related to Count 6 of the Complaint, which was dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 128 of the Complaint.  To the extent a response is required, Integra denies the allegations in Paragraph 128 of the Complaint.

129.     The allegations in Paragraph 129 of the Complaint related to Count 6 of the Complaint, which was dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 129 of the Complaint.  To the extent a response is required, Integra denies the allegations in Paragraph 129 of the Complaint.

130.     The allegations in Paragraph 130 of the Complaint related to Count 6 of the Complaint, which was dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 130 of the Complaint.  To the extent a response is required, Integra denies the allegations in Paragraph 130 of the Complaint.

131.      The allegations in Paragraph 131 of the Complaint related to Count 6 of the Complaint, which was dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 131 of the Complaint.

132.     The allegations in Paragraph 132 of the Complaint related to Count 6 of the Complaint, which was dismissed by this Court on September 16, 2025.  As such, no response is required to Paragraph 132 of the Complaint.  To the extent a response is required, Integra denies the allegations in Paragraph 132 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff the following relief:

1. Paragraph 1 following Plaintiff's "WHEREFORE" paragraph which follows Paragraph 132 of the Complaint is a prayer for relief, to which no response is required. To the extent a response is required, Integra denies that it violated any law and that Plaintiff has any right to the relief she seeks.

2. Paragraph 2 following Plaintiff's "WHEREFORE" paragraph which follows Paragraph 132 of the Complaint is a prayer for relief, to which no response is required. To the extent a response is required, Integra denies that it violated any law and that Plaintiff has any right to the relief she seeks.

3. Paragraph 3 following Plaintiff's "WHEREFORE" paragraph which follows Paragraph 132 of the Complaint is a prayer for relief, to which no response is required. To the extent a response is required, Integra denies that it violated any law and that Plaintiff has any right to the relief she seeks.

4. Paragraph 4 following Plaintiff's "WHEREFORE" paragraph which follows Paragraph 132 of the Complaint is a prayer for relief, to which no response is required. To the extent a response is required, Integra denies that it violated any law and that Plaintiff has any right to the relief she seeks.

5. Paragraph 5 following Plaintiff's "WHEREFORE" paragraph which follows Paragraph 132 of the Complaint relates to Count 5 of the Complaint, which was dismissed by this Court on September 16, 2025, and is a prayer for relief, to which no response is required. To the extent a response is required, Integra denies that it violated any law and that Plaintiff has any right to the relief she seeks.

6. Paragraph 6 following Plaintiff's "WHEREFORE" paragraph which follows Paragraph 132 of the Complaint relates to Count 6 of the Complaint, which was dismissed by this Court on September 16, 2025, and is a prayer for relief, to which no response is required. To the extent a response is required, Integra denies that it violated any law and that Plaintiff has any right to the relief she seeks.

7. Paragraph 7 following Plaintiff's "WHEREFORE" paragraph which follows Paragraph 132 of the Complaint is a prayer for relief, to which no response is required. To the extent a response is required, Integra denies that it violated any law and that Plaintiff has any right to the relief she seeks.

8. Paragraph 8 following Plaintiff's "WHEREFORE" paragraph which follows Paragraph 132 of the Complaint is a prayer for relief, to which no response is required. To the extent a response is required, Integra denies that it violated any law and that Plaintiff has any right to the relief she seeks.

9. Paragraph 9 following Plaintiff's "WHEREFORE" paragraph which follows Paragraph 132 of the Complaint is a prayer for relief, to which no response is required. To the extent a response is required, Integra denies that it violated any law and that Plaintiff has any right to the relief she seeks.

## SEPARATE AND AFFIRMATIVE DEFENSES

By way of further answer to Plaintiff's Complaint, Integra sets forth the following separate and affirmative defenses, without assuming any burden of proof that it does not have as a matter of law:

1. The Complaint fails to state a claim against Integra upon which relief can be granted.

2. Plaintiff's Complaint, or portions thereof, is barred or mitigated by the after-acquired evidence doctrine.

22

3.      Integra did not violate any law, violate any right of Plaintiff, or harm Plaintiff in any way.  To the contrary, Integra acted in good faith and had reasonable grounds, including legitimate business purposes, for its actions concerning Plaintiff.

4.      Plaintiff failed to exhaust her administrative remedies as to all claims against Integra.  As a result, these claims are barred, in whole or in part.

5.      Plaintiff cannot show that Integra discriminated against her on the basis of her sex or any other legally protected status or that Integra retaliated against her for any alleged protected activity.

6.      Plaintiff's claims are barred, in whole or in part, because the employment actions about which she complains would have been taken regardless of her sex or any other protected status.

7.      Plaintiff's claims are barred, in whole or in part, because the employment actions about which she complains would have taken place regardless of her alleged protected activity.

8.      Plaintiff cannot show that she engaged in any protected activity under the Minnesota Human Rights Act ("MHRA"), the Minnesota Whistleblower Act, or any other applicable law.

9.      Plaintiff cannot show that she was constructively discharged or suffered any other adverse employment actions during her employment with Integra.  To the contrary, Plaintiff voluntarily resigned from employment under circumstances in which no reasonable person in Plaintiff's position would have felt compelled to resign.

10.     Integra never subjected Plaintiff to unlawful discrimination, harassment or reprisal and at all times treated her in accordance with the MHRA and any other federal, state or local law.

11.     The alleged adverse employment actions taken against Plaintiff were, in fact, based on legitimate, non-discriminatory and non-retaliatory business reasons unrelated to any alleged

23

protected characteristics or status, which cannot be shown to be pretextual for unlawful discrimination or harassment.

12. Plaintiff's claims are barred, in whole or in part, because Integra exercised reasonable care to prevent the alleged discrimination and harassment, including having anti-harassment, anti-discrimination, and anti-retaliation policies that prohibited the alleged discrimination, harassment and retaliation and a complaint resolution process of which Plaintiff was aware; because Plaintiff unreasonably failed to avail herself to the available preventative or corrective channels provided by Integra; because the alleged discrimination or harassment did not culminate in any tangible employment action; and because, to the extent that Plaintiff purportedly reported concerns to Integra, Integra took prompt and appropriate remedial action that stopped, or was reasonably calculated to stop, the alleged conduct.

13. Plaintiff's claims are barred, in whole or in part, by the applicable statue of limitations.

14. Plaintiff's claims are barred, in whole or in part, to the extent she has failed to mitigate her alleged damages.

15. Plaintiff does not have any statutory or other basis for recovering the damages and relief sought in the Complaint.

16. If Plaintiff suffered any loss or damage, which Integra denies, any such loss or damage was caused and/or contributed to by Plaintiff's own conduct, and not Integra.

17. For purposes of preserving a defense, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and laches.

18. Any claims for punitive and liquidated damages are barred, in whole or in part, because Integra's alleged conduct was not willful, egregious, wanton, or in reckless disregard of

24

Plaintiff's rights.  Indeed, at all times, Integra acted in good faith, reasonably believed that its conduct complied with the law, and acted diligently to uphold Plaintiff's rights under the MHRA, the Minnesota Whistleblower Act, and any other applicable statute, including through the widespread dissemination and enforcement of its anti-discrimination, anti-harassment and anti-retaliation policies.

19.     Plaintiff's claims for punitive and liquidated damages are barred, in whole or in part, to the extent that, under the circumstances of this action, they violate the United States and Minnesota Constitutions.

20.     Integra reserves the right to add additional defenses as they may become known through discovery or investigation.

WHEREFORE, Integra denies any liability to Plaintiff and denies that Plaintiff has a right to any relief, including that sought in the Complaint.  Integra therefore respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismiss the Complaint in its entirety and with prejudice, and award Integra its attorney's fees, costs and such other and further relief as the Court deems equitable and just.

Dated: October 7, 2025

Respectfully submitted,

*/ s/ Charles J. Schoenwetter*
Charles (C.J.) Schoenwetter (#025115X)
BOWMAN AND BROOKE LLP
150 South Fifth Street, Suite 3000
Minneapolis, Minnesota 55402
T: (612) 339-8682
F: (612) 672-3200
charles.schoenwetter@bowmanandbrooke.com

REED SMITH LLP
John T. McDonald (admitted pro hac vice)
NJ Bar No. 008362005
Joseph J. Mammone, Jr. (admitted pro hac vice)
TX Bar No. 24102131
506 Carnegie Center, Suite 300
Princeton, NJ 08540
T: (609) 987-0050
F: (609) 951-0824
jmcdonald@reedsmith.com
jmammone@reedsmtih.com

*Attorneys for Defendant Integra LifeSciences Corporation*