REED SMITH LLP

John McDonald
Melissa M. Ferrara
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
Email: jmcdonald@reedsmith.com
Email: mferrara@reedsmith.com

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Gregory L. Watts (admitted *pro hac vice*)
95 S State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329
Email: gwatts@wsgr.com

John I. Karin (admitted *pro hac vice*)
Alexander Luhring (admitted *pro hac vice*)
31 West 52nd Street, Fifth Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jkarin@wsgr.com
Email: aluhring@wsgr.com

*Counsel for Defendants Integra LifeSciences Holdings Corporation, Carrie Anderson, Peter Arduini, Glenn Coleman, Robert Davis, Jan De Witte, Lea Knight, Steve Leonard, Eric Schwartz, and Tracy Redondo*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE INTEGRA LIFESCIENCES HOLDINGS CORPORATION SECURITIES LITIGATION | Master Docket 3:23-cv-20321-MAS-TJB<br><br>ORAL ARGUMENT REQUESTED<br><br>Motion Day:  February 17, 2026 |

## DEFENDANTS' SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND STRIKE PLAINTIFFS' SUPPLEMENTAL COMPLAINT

## TABLE OF CONTENTS

**Page**

I.    THE SUPPLEMENT STILL FAILS TO PLEAD SCIENTER..........................................1

II.    THE SUPPLEMENT STILL FAILS TO PLEAD FALSITY ...........................................2

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*City of Pontiac v. UBS AG,*
        752 F.3d 173 (2d Cir. 2014)..................................................................................................3

*Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,*
        836 F.2d 173 (3d Cir. 1988)..................................................................................................3

*Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc.,*
        778 F.3d 228 (1st Cir. 2015).................................................................................................2

*In re Carter-Wallace, Inc., Sec. Litig.,*
        220 F.3d 36 (2d Cir. 2000)....................................................................................................2

*KBC Asset Mgmt. NV v. DXC Tech. Co.,*
        19 F.4th 601 (4th Cir. 2021) .................................................................................................3

*Roofer's Pension Fund v. Papa,*
        2018 WL 3601229 (D.N.J. July 27, 2018)...........................................................................4

The Supplemental Opposition (Dkt. 107) only highlights why the prior complaint was dismissed: Defendants promptly disclosed setbacks and had no motive to defraud. The more plausible inference remains that Defendants underestimated the difficulty of remediation.

## I.    THE SUPPLEMENT STILL FAILS TO PLEAD SCIENTER

The Supplemental Opposition concedes the Supplement does not change the calculus regarding the scienter allegations previously found insufficient or Defendants' motion to strike. Supp. Br. (Dkt. 105) at 1; Supp. Opp. at 6 n.4. Instead, Plaintiffs largely repeat themselves.

*First*, Plaintiffs cannot escape Krause's allegations showing Defendants believed progress had been made on remediation. Regarding the "new and more effective processes" implemented upon her hire in June 2021, Plaintiffs claim that Defendants ignore "copious examples of Defendants' deliberate obstruction" but cite nothing to suggest that Defendants undermined the processes implemented in or around June 2021—Krause's complaints arose much later in her tenure. Supp. Br. at 1-2; Supp. Opp. at 6. Regarding Krause's admission that Integra submitted a PMA in August *2021* because it believed the 2019 Warning Letter would be removed, Plaintiffs argue that a meeting in March *2022* somehow shows that Integra's belief from months earlier was not held in good faith. Supp. Br. at 2; Supp. Opp. at 6. But Krause's recounting of the March 2022 meeting says nothing about the PMA. Ex. 51 ¶19. Finally, Krause's allegation that the dress rehearsal auditor believed Integra was ready for the final audit in early 2024 further supports Defendants' good faith belief that progress had been made. Supp. Br. at 2. Plaintiffs' response— that Krause preemptively asked the FDA to extend the audit deadline—does not undercut that belief because it suggests that every remediation step had been completed except for "final documentation." Supp. Opp. at 6-7; Ex. 51 ¶61. Nor does it suggest that Defendants believed the disclosed timeline to relaunch Boston was unachievable because Plaintiffs do not explain why "re-audit[ing] a second time" could not be done by "mid-to-late Q2 2024." Ex. 51 ¶¶61-62; ¶425.

*Second*, Plaintiffs wrongly infer scienter from Krause's allegation that Defendants stopped asking about relabeling or repurposing products only after the FDA required a recall.  Supp. Br. at 2; Supp. Opp. at 7.  That Defendants promptly complied with the FDA's instruction undermines scienter.  ¶¶199.a, 277; *see In re Carter-Wallace, Inc., Sec. Litig.*, 220 F.3d 36, 38, 42 (2d Cir. 2000) (no scienter where company promptly withdrew product after speaking with FDA despite months of earlier adverse medical reports).  The stronger inference is that before the recall, Integra was "finding a solution amenable to the FDA while meeting its need to market its products." *Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc.*, 778 F.3d 228, 244 (1st Cir. 2015).

*Third*, the non-fraud inferences remain stronger.  Plaintiffs respond to the inference of constructive debate by referencing the Opposition, which highlights that the Supplement adds little.  Supp. Br. at 3; Supp. Opp. at 7.  Plaintiffs suggest that Schwartz could not have been protecting the privilege when he asked to be the point of contact with outside counsel for the 2022 internal complaint, but Plaintiffs do not point to any facts that undercut this inference—they rely solely on Krause's speculative attempt to read his mind.  Supp. Opp. at 7; ¶197.a.  Additionally, Plaintiffs argue that whether Integra's summary of the whistleblower complaint was misleading to the FDA is an "improper factual argument."  Supp. Opp. at 7.  But courts regularly evaluate whether statements are misleading on motions to dismiss.  Here, Krause admits the summary described "a culture issue and possible quality issues." Ex. 51 ¶31.  Because the alleged omission ("sterile and non-sterile product being mixed," *id.* ¶32) was just an example of those issues, the summary was not misleading—and certainly not enough to create a strong inference of scienter.

Finally, Krause's allegation that Defendants misled investors (Supp. Opp. at 5-6) does not support scienter because she does not adequately allege a misstatement (Supp. Br. at 4-6; §II).

## II.    THE SUPPLEMENT STILL FAILS TO PLEAD FALSITY

Aside from being inactionable, the compliance statements were not misleading.  Supp. Br.

at 4.  Plaintiffs argue Statements 12, 13, and 21 "represented that Defendants were … ensuring regulatory compliance" while "gutting the Quality department."  Supp. Opp. at 4 & n.3.  Setting aside that discovery would show the opposite, Plaintiffs assume Integra could not comply after the alleged cuts.  As in Defendants' case, no allegation supports that assumption other than an FE's uncorroborated opinion.  *See KBC Asset Mgmt. NV v. DXC Tech. Co.*, 19 F.4th 601, 609 (4th Cir. 2021).  Also, the Supplement does not plead the "hiring freeze" was in place when Statement 21 was made (and discovery would show the "freeze" did not apply to Quality).  Supp. Opp. at 4-5.

The remediation statements were not misleading.  The Supplement's theory was that Statement 14.a "was misleading for omitting that a hold had been put in place" (¶398.b), which Defendants disproved by showing the pause was disclosed in an earnings call and press release.  Supp. Br. at 4-5.  Forced to pivot, Plaintiffs now argue Statement 14.a was misleading for omitting that the pause was prompted by "ongoing FDA violations" and a "'for cause' FDA inspection that had already identified material deficiencies in Integra's method for measuring endotoxins."  Supp. Opp. at 2.  But Defendants disclosed that Integra implemented the pause because "the Boston site requires a quality system that operates at a higher level," "[a]n FDA inspection … reinforced the urgency," and Integra was "specifically upgrading a number of testing-related processes and infrastructure."  Ex. 18 at 4, 9.  Defendants were not required to adopt Plaintiffs' negative spin.  *See City of Pontiac v. UBS AG*, 752 F.3d 173, 184 (2d Cir. 2014) (no need to "confess[]" to "ongoing tax evasion scheme" where "government investigations" into the issue were disclosed).

Plaintiffs also argue that "***other*** disclosures also misled investors."  Supp. Opp. at 2-3 (emphasis added).  But the Supplement does not challenge these "other disclosures" (¶¶389-485.c), and "the complaint may not be amended by the briefs in opposition to a motion to dismiss," *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).  In

any event, the "other disclosures" are not adequately alleged to have been misleading given the above disclosures.  Contrary to Plaintiffs' suggestion (Supp. Opp. at 2), the Supplement does not allege that the FDA required the pause (the FDA's "instruct[ion]" came weeks later, ¶199.a), that the upgrades were not planned for later in the year, that Integra did not have sufficient inventory, or that Defendants knew the pause would be longer than disclosed.  And the Supplement directly undermines Plaintiffs' assertion (Supp. Opp. at 3) that Defendants were "continuing to process" WIP when Statement 14.a was made in April 2023.  ¶195 (processing stopped "January 11, 2023").

As for the old remediation statements, Plaintiffs repeat the Supplement's allegations, rather than substantively respond to Defendants' arguments.  Supp. Br. at 5-6; Supp. Opp. at 5.  Plaintiffs do not contest that they lack standing to challenge Statement 29.  Defendants did not "ignore" the Chief HR Officer's purported allegation about Statement 16.  Supp. Opp. at 3; Supp. Br. at 5.

The capacity statements were not misleading.  Defendants argued Statement 28.a was not misleading because it was about customer relationships (not orders) and Defendants disclosed lost private sales.  Supp. Br. at 6.  Plaintiffs ignore the first point, requiring dismissal.  Supp. Opp. at 3.  Plaintiffs' response to the second point—that lost sales are distinct from cancelled orders—is a distinction without a difference.  *Id.*  Both reduce revenue, and the Supplement does not allege the purported cancellations were any more "permanent[]" than lost sales.  *Id.* (citing ¶¶485.b-c).  As a Quality employee, Krause is not even positioned to know about customer orders.  Plaintiffs' case is inapt.  *Roofer's Pension Fund v. Papa*, 2018 WL 3601229, *12 (D.N.J. July 27, 2018) (flat pricing statement omitted that collusion led to "unsustainable price spikes" that "masked serious price deterioration").  Plaintiffs all but ignore Statement 15.  Supp. Br. at 6-7; Supp. Opp. at 5.

Finally, the Supplement does not change the calculus on loss causation, scheme liability, or the Individual Defendants.  Supp. Br. at 7.  It should be dismissed with prejudice.

-4-

Dated:  May 1, 2026

Respectfully submitted,

REED SMITH LLP

*s/ John McDonald*
John McDonald
Melissa M. Ferrara
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
Email: jmcdonald@reedsmith.com
Email: mferrara@reedsmith.com

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Gregory L. Watts (admitted *pro hac vice*)
95 S State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329
Email: gwatts@wsgr.com

John I. Karin (admitted *pro hac vice*)
Alexander Luhring (admitted *pro hac vice*)
31 West 52nd Street, Fifth Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jkarin@wsgr.com
Email: aluhring@wsgr.com

*Counsel for Defendants Integra LifeSciences
Holdings Corporation, Carrie Anderson, Peter
Arduini, Glenn Coleman, Robert Davis, Jan De
Witte, Lea Knight, Steve Leonard, Eric Schwartz,
and Tracy Redondo*

-5-